**The STATE of Texas, Appellant**

v.

**James Roger PIEPER, Appellee.**

**No. 14–06–00368–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 24, 2007.

Rehearing and Rehearing En Banc Overruled July 26, 2007.

Peyton Peebles III, Houston, for appellee.

Kevin D. Fine, Houston, for appellant.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## OPINION

JOHN S. ANDERSON, Justice.

The State of Texas, appellant, charged appellee, James Roger Pieper, with driving while intoxicated ("DWI") and sought to enhance the charge to the felony level by alleging that appellee had been convicted of DWI twice before. Appellee filed a motion to quash the indictment on the grounds that the State's attempt to enhance the charge to a felony amounted to an unconstitutional *ex post facto* application of Texas's habitual DWI offender statute. The trial court granted appellee's motion and quashed the indictment. We reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 5, 1984, appellee committed the offense of DWI. Appellee pled *nolo contendere* to that charge on May 23, 1984, and was placed on probation. On May 22, 1986, the court found that appellee had complied with the terms and conditions of his probation and discharged him.

On August 17, 1989, appellee again committed the offense of DWI. Appellee pled guilty to that charge on October 26, 1989, and was again placed on probation. On

December 20, 1990, the court found that appellee had complied with the terms and conditions of his probation and terminated the probation early, and discharged him.

Appellee was charged with committing DWI a third time on October 9, 2005. Appellee was thereafter indicted for felony DWI pursuant to sections 49.04(a) and 49.09(b)(2) of the Texas Penal Code. TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (Vernon 2003 & Supp.2006). To establish felony jurisdiction and a third-degree punishment range, the State alleged appellee had been previously convicted of DWI in 1984 and again in 1989, which were "offense[s] under Article 6701*l*–1, Revised Statutes, as that law existed before September 1, 1994." TEX. PENAL CODE ANN. § 49.09(c)(1)(C).

Appellee subsequently filed a pre-trial motion to quash the indictment, arguing the State's attempt to use the enhancement allegations to increase his alleged offense to the felony level, violated the federal and Texas Constitutions' prohibition against using *ex post facto* laws. Specifically, appellee claims that the law applicable when he pled *nolo contendere* and guilty to his previous DWI charges explicitly restricted the State's future use of those convictions and, thus, provided him protection from collateral consequences arising out of those prior offenses. The trial court granted appellee's motion and quashed the indictment. This appeal followed.

## DISCUSSION

In one issue on appeal, the State argues the trial court abused its discretion when it granted appellee's motion to quash his indictment on the basis of *ex post facto* concerns. The State argues that the statutes used to enhance appellee's charge were in effect when he engaged in the conduct at issue in this appeal and, thus,

he had fair notice of that conduct's consequences. The State also argues no *ex post facto* violation exists under the circumstances here because the legislature, when it amended the DWI enhancement statute in 2005, did not redefine criminal conduct or increase the punishment after the appellee allegedly committed the underlying offense.

Citing primarily to *Scott v. State*, appellee responds that the DWI statute in effect at the time of his prior convictions expressly limited the collateral consequences of an offense, thus preventing the State from using those convictions to enhance the current DWI charge to a felony. *Scott v. State*, 55 S.W.3d 593 (Tex.Crim.App. 2001). Appellee continues that if the State is allowed to use his prior DWI convictions to enhance the current charge, this would violate the United States and Texas Constitutions' prohibition on *ex post facto* laws. We agree with the State.

### A. The Standard of Review.

Rulings on a motion to quash are reviewed for an abuse of discretion. *Jordan v. State*, 56 S.W.3d 326, 329 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd) (citing *Thomas v. State*, 621 S.W.2d 158, 163 (Tex. Crim.App. [Panel Op.] 1980)). An appellate court should affirm the trial court's ruling unless it finds that the trial court acted without reference to any guiding rules or principles by acting arbitrarily or unreasonably. *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990)).

### B. What are *Ex Post Facto* Laws?

 "The proscription against *ex post facto* laws 'necessarily requires some explanation; for, naked and without explanation, it is unintelligible, and means nothing.'" *Carmell v. Texas*, 529 U.S. 513, 521, 120 S.Ct. 1620, 1627, 146 L.Ed.2d 577

(2000) (quoting *Calder v. Bull*, 3 Dall. 386, 390, 1 L.Ed. 648 (1798)). Both the United States and Texas Constitutions prohibit Texas from applying any *ex post facto* law. U.S. CONST. art. I, § 10, cl. 1; Tex. Const. art. I, § 16. Texas interprets the proscription against *ex post facto* laws in the Texas Constitution to have the same meaning as the proscription against *ex post facto* laws found in the United States Constitution. *Grimes v. State*, 807 S.W.2d 582, 586 (Tex.Crim.App.1991). The *ex post facto* clauses found in both the United States and Texas Constitutions prohibit four types of laws. They prohibit (1) laws that make an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action; (2) every law that aggravates a crime, or makes it greater than it was, when committed; (3) every law that changes the punishment and inflicts a greater punishment than the law annexed to the crime when it was committed; and (4) every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offense in order to convict the offender. *Carmell*, 529 U.S. at 522, 120 S.Ct. 1620 (quoting *Calder*, 3 Dall. at 390, 1 L.Ed. 648). When an appellate court engages in *ex post facto* analysis, its sole concern is whether the statute assigns more severe criminal or penal consequences to an act than did the law in place when the act occurred and it is irrelevant whether the statutory change touches any vested rights. *Grimes*, 807 S.W.2d at 587 (citing *Weaver v. Graham*, 450 U.S. 24, 29 n. 13, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)).

■ Both the United States Supreme Court and the Texas Court of Criminal Appeals have addressed the issue of prior crimes used to enhance punishment and have declined to find an *ex post facto*

violation. *Scott*, 55 S.W.3d at 597. The general principle behind that determination is that enhancement statutes penalize the new criminal offense being enhanced rather than the prior offense used for enhancement: "[t]he punishment is for the new crime only, but it is the heavier if he is an habitual criminal.... The statute, imposing a punishment on none but future crimes, is not *ex post facto*." *Id.* (quoting *McDonald v. Massachusetts*, 180 U.S. 311, 312–13, 21 S.Ct. 389, 390, 45 L.Ed. 542 (1901)).

## C. Does the 2005 Amendment of the Felony DWI Statute Violate the Proscription Against *Ex Post Facto* Laws?

### 1. The Law Governing DWI and Its Enhancement at the Time of Appellee's Prior DWI Convictions.

On both April 5, 1984 and August 17, 1989 (the dates on which appellee engaged in his previous criminal conduct), enhancements were governed by former article 6701*l*–1 of the Revised Texas Statutes, entitled "Intoxicated Driver; Penalty":

### Article 6701*l*–1. INTOXICATED DRIVER; PENALTY

\* \* \*

(b) A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place. The fact that any person charged with a violation of this section is or has been entitled to use a controlled substance or drug under the laws of this state is not a defense.

(c) Except as provided by Subsections (d), (e), and (f) of this article, an offense under this article is punishable by:

(1) a fine of not less than $100 or more than $2,000; and

(2) confinement in jail for a term of not less than 72 hours or more than two years.

(d) If it is shown on the trial of an offense under this article that a person has previously been convicted one time of an offense under this article, the offense is punishable by:

(1) a fine of not less than $300 or more than $2,000; and

(2) confinement in jail for a term of not less than 15 days or more than two years.

(e) If it is shown on the trial of an offense under this article that the person has previously been convicted two or more times of an offense under this article, the offense is punishable by:

(1) a fine of not less than $500 or more than $2,000; and

(2) confinement in jail for a term of not less than 30 days or more than 2 years or imprisonment in the state penitentiary for a term of not less than 60 days or more than five years.

\*　　\*　　\*

(h) For the purposes of this article, a conviction for an offense that occurs on or after January 1, 1984, is a final conviction, whether or not the sentence for the conviction is probated.

(i) A conviction may not be used for the purpose of enhancement under Subsection (d) or (e) of this article if:

1. the conviction was a final conviction under the provisions of Subsections (g) and (h) of this article and was for an offense committed more than 10 years before the offense for which the person is being tried was committed; and

2. the person has not been convicted of an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or Article 6701*l*–1, or Article 6701*l*–2, Revised Statutes, committed within 10 years immediately preceding the date on which the offense for which the person is being tried was committed.

Acts 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574–77, *repealed by* Act of May 19, 1993, 73rd Leg., R.S., ch. 900 § 1.15, 1993 Tex. Gen. Laws 3589, 3707; Act of June 7, 1995, 74th Leg., R.S., ch. 318 § 63, 1995 Tex. Gen. Laws 2734, 2755 (current version codified at TEX. PENAL CODE ANN. Ch. 49 (Vernon 2003 & Supp.2006)). In both prior cases appellee was convicted under these statutory provisions.

Appellee was not eligible for deferred adjudication probation in either case because he was pleading guilty or nolo contendere to driving while intoxicated: "This section [authorizing the court to place certain defendants on deferred adjudication probation] does not apply to a defendant charged with . . . an offense under Article 6701*l*–1, Revised Statutes. . . ." Tex.Code Crim. Proc. Ann. art. 42.12 § 3d(d) (Vernon Supp.1983, 1988) (currently codified at Tex.Code Crim. Proc. Ann. art. 42.12 § 5(d)(1)(A) (Vernon 2006)). Instead, appellee was placed on regular probation in each case pursuant to the trial court's discretion as directed by TEX.CODE CRIM. PROC. ANN. art. 42.12 § 3 (Vernon 1979). Appellee successfully completed both probations.

**2. The Law Governing DWI and its Enhancement at the Time of Appellee's Third DWI Arrest.**

Following both of appellee's convictions, probations, and discharges, Texas changed its law concerning which individuals committing DWI offenses were subject to jurisdictional and punishment enhancements with their prior DWI convictions. In its

most recent incarnation, which is the version applicable to appellee's October 9, 2005 charge, any prior DWI conviction, regardless of when it occurred, may be used to enhance the charge to achieve felony jurisdiction and increase punishment. *See* TEX. PENAL CODE ANN. §§ 49.09(b)(2), 49.09(d); *see also* Acts 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3365, 3366, eff. Sept. 1, 2005 (repealing former penal Code section 49.09(e), which rendered certain prior convictions unavailable for enhancement). This new version of the DWI enhancement statute took effect on September 1, 2005. *Id.*

### 3. The 2005 Amendment of the DWI Statute Is Not an Ex Post Facto Law.

■ As previously stated, when we engage in an *ex post facto* analysis, our sole concern is whether the statute at issue assigns more severe criminal or penal consequences to an act than did the law in place when the act occurred. *Grimes,* 807 S.W.2d at 587. The act at issue is the conduct leading to the current criminal charge. *Jordan,* 56 S.W.3d at 332. Appellee's conduct at issue in this appeal occurred on October 9, 2005, more than a month after the new statute took effect on September 1, 2005. Since the DWI enhancement statute did not change after October 9, 2005, the statute at issue does not assign more severe criminal or penal consequences to appellee's alleged act than did the law in place when appellee's alleged criminal conduct occurred. Therefore, the DWI enhancement statute is not an *ex post facto* law as applied to appellee as it does not assign more severe criminal or penal consequences to the act than did

the law in place when the act occurred. *Grimes,* 807 S.W.2d at 587.

In his motion to quash and again in response to the State's appeal, appellee argues that the 2005 changes to the DWI enhancement statute, by permitting the State to use appellee's two prior DWI convictions to enhance his current charge to a felony, violate the constitutional prohibitions against *ex post facto* laws. Specifically, appellee claims that the time limitations in Article 6701*l*–1 on a conviction's availability for enhancement constituted an explicit statutory restriction on their future use to enhance future intoxication crimes. Thus, according to appellee, the 2005 statute's removal of that time limitation results in an unconstitutional attempt to use an *ex post facto* law as, in appellant's view, it increases the punishment for those prior criminal acts beyond what the law permitted at the time of their commission. In support of his argument, appellee cites *Scott v. State,* an opinion from the Texas Court of Criminal Appeals.[1] *Scott,* 55 S.W.3d at 597–98.

In *Scott,* the defendant received deferred adjudication for a charge of indecency with a child. At that time, the deferred adjudication statute provided in part: " 'A dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense....' " *Id.* at 595 (quoting TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(c) as it was in effect in 1991). The defendant was later charged with aggravated sexual assault and, by that time, the deferred adjudication statute had been amended to allow deferred adjudication for certain sex-

---

1. Appellee also cites *Nolan v. State,* 102 S.W.3d 231 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd), in support of his position. *Nolan* is factually similar to *Scott* and cited *Scott* when it found the law at issue there

constituted an *ex post facto* violation. Thus, for the same reasons we distinguish *Scott,* we find *Nolan* does not support appellee's argument.

ual offenses, including indecency with a child, to be used as a conviction for the purpose of enhancing a later sexual offense. *Id.* at 595–96. Initially, the Texas Court of Criminal Appeals stated that "[t]he resolution of criminal charges will always carry the possibility of collateral consequences, and as long as those consequences are not statutorily restricted, disabilities and disqualifications which the defendant might not have anticipated may proceed from the prior cause." *Id.* at 597. It then went on to hold that the change in the deferred adjudication statute constituted an *ex post facto* law as the prior deferred adjudication statute contained an express and complete restriction on the collateral consequences of the offense and therefore, when that restriction was removed, defendant's punishment for his prior offense was increased. *Id.* at 597–98. That is not the situation we are presented with here as (1) appellee did not receive deferred adjudication for his prior convictions; and (2) Article 6701*l*–1 never contained an express and complete restriction on collateral consequences like that found in the deferred adjudication statute in *Scott.*

The latter distinction was recognized in *Romo v. State,* a recent unpublished opinion from the San Antonio Court of Appeals. *Romo v. State,* 04–05–00602–CR, 2006 WL 3496933 (Tex.App.-San Antonio December 6, 2006, no pet.) (mem. op., not designated for publication). In *Romo,* the San Antonio Court of Appeals initially noted the Court of Criminal Appeals' holding in *Scott* discussed above. It then went on to address Romo's argument that the version of the DWI enhancement statute at issue in his case was analogous to the deferred adjudication statute discussed in *Scott:*

> Unlike *Scott,* where the deferred adjudication statute expressly limited the future use of Scott's "dismissal and discharge under this section," former arti-

cle 6701*l*–1 merely placed restrictions on what prior convictions could be used to enhance an offense at that time. It did not place any restrictions on the collateral effects or future use of a conviction obtained under the statute. Accordingly, the 2001 amendment to the DWI enhancement statute did not increase Romo's punishment for his prior convictions and is not an *ex post facto* law.

*Id.* at *2.

We find the San Antonio Court of Appeals' reasoning persuasive. We hold that the ten year time limitation on the use of prior DWI convictions found in article 6701*l*–1 was not an explicit guarantee that those convictions could not be used in the future, but only a restriction on what prior convictions could be used to enhance an offense at that time. Therefore, the 2005 changes to the DWI enhancement statute, by removing all time limitations on the use of prior DWI convictions to enhance current DWI charges, did not increase appellee's punishment for his prior convictions and is therefore not an *ex post facto* law.

Because the 2005 version of the DWI enhancement statute is not an *ex post facto* law as applied to appellee, we hold that the trial court, by finding the statute to be an *ex post facto* law as applied to appellee, acted without reference to any guiding rules or principles and thus abused its discretion. Accordingly, we sustain the State's issue on appeal.

### CONCLUSION

As we have sustained the State's issue on appeal, we reverse the trial court's judgment, and remand this matter to the trial court for proceedings in accordance with this opinion.