# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00546-CR

**Juan Pablo Castillo, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR2004-236, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On October 8, 2004, appellant Juan Pablo Castillo was indicted for the offense of driving while intoxicated. The indictment contained enhancement paragraphs alleging prior DWI convictions, the most recent occurring in November 1993. Castillo filed a motion to quash the indictment, arguing that allowing the prior convictions to be used for enhancement purposes under subsection 49.09(e) of the penal code, which was amended in 2001 to allow, under certain conditions, the use of prior convictions older than ten years,[1] would violate the ex post facto provisions of the state and federal constitutions. *See* U.S. Const. art. I, § 10; Tex. Const. art. 1, § 16. The district court denied the motion to quash, and Castillo pleaded guilty to the charged offense. The district court assessed punishment at eight years' imprisonment. In two points of error on appeal, Castillo asserts that the district court erred in denying the motion to quash and that, as a result of this error, he was charged with a felony instead of a misdemeanor offense.

---

[1] *See* Act of May 25th, 2001, 77th Leg., R.S., ch. 648, § 2, 2001 Tex. Gen. Laws 1213, 1214, *repealed by* Act of May 27, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364.

This Court has addressed and rejected similar arguments in *Saucedo v. State*, No. 03-06-00305-CR, 2007 Tex. App. LEXIS 4292, at *7-11 (Tex. App.—Austin May 30, 2007, no pet.) (mem. op., not designated for publication). In *Saucedo*, this Court held that "the ten-year time limitation on the use of prior DWI convictions found in [the pre-amended statute] was not an explicit guarantee that those convictions could not be used in the future, but only a restriction on what prior convictions could be used to enhance a DWI offense at that time." 2007 Tex. App. LEXIS 4292, at *10. Therefore, the statutory amendment "did not increase appellant's punishment for the prior convictions and is not an ex post facto law." *Id*.

This Court followed *Saucedo* in *Townsend v. State*, No. 03-05-00766-CR, 2007 Tex. App. LEXIS 5940, at *2 (Tex. App.—Austin July 26, 2007, pet. ref'd) (mem. op., not designated for publication). We do so again today.[2] We overrule Castillo's points of error.

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: August 14, 2008

Do Not Publish

---

[2] We note that at least three other appellate courts have also concluded that the amendment is not an ex post facto law. *See Crocker v. State*, No. 12-07-00413-CR, 2008 Tex. App. LEXIS 5259, at *7-8 (Tex. App.—Tyler July 16, 2008, no pet. h.); *State v. Pieper*, 231 S.W.3d 9, 15 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Romo v. State*, No. 04-05-00602-CR, 2006 Tex. App. LEXIS 10403, at *4-5 (Tex. App.—San Antonio Dec. 6, 2006, no pet.) (mem. op., not designated for publication).