NO. 07-07-0315-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 15, 2008

_____

ROBERT P. SEPEDA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-414,673; HON. JIM BOB DARNELL, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant, Robert P. Sepeda, was indicted for the felony offense of driving while intoxicated, third or more offense, which included jurisdictional allegations of two prior convictions for the offense of driving while intoxicated. Further, the indictment alleged two other felony convictions for the purpose of punishment enhancement. A jury found appellant guilty and found that both prior enhancement allegations were true. The jury

assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for 50 years. Through his issues, appellant contends that the use of the prior driving while intoxicated convictions to elevate the case to a felony violates the prohibitions against *ex post facto* laws of both the United States Constitution and the Texas Constitution. Disagreeing with appellant, we affirm.

Factual and Procedural Background

Because appellant is not challenging the sufficiency of the evidence, only the necessary factual background will be recited. Appellant was arrested on July 18, 2006, for the offense of driving while intoxicated. On December 6, 2006, a grand jury returned an indictment against appellant charging him with driving while intoxicated felony, third or more offense. Contained within that indictment were allegations that appellant had been convicted of driving while intoxicated on two other occasions. The first conviction was in cause number 91-486,017 in the County Court at Law #1 of Lubbock County, Texas. The second conviction was in cause number 90-480,225 in the County Court at Law #1 of Lubbock County, Texas. The proof at trial was that the date of conviction in cause number 91-486,017 was September 9, 1993, and the date of conviction in cause number 90-480,225 was March 1, 1991.[1] Appellant objected to the use of these jurisdictional prior convictions to elevate his driving while intoxicated charge to a felony level because each conviction was more than 10 years old. Appellant's objection was that the use of these

---

[1] The indictment alleged that the date of the first prior conviction was September 9, 2003, though the proof was that it was September 9, 1993. The erroneous date was not objected to and we will treat the same as shown by the proof at trial.

convictions subjected him to an *ex post facto* law as the prior driving while intoxicated statue, article 6701l-1 of the Texas Revised Statutes had a 10 year limitation on the use of prior convictions.[2] The objection at trial was directed to both the United States Constitution and Texas Constitution prohibitions against *ex post facto* laws. The trial court overruled the objections and the jury returned a verdict of guilty and answered "We Do" as to the special issues submitted regarding the prior driving while intoxicated convictions. Accordingly, the trial court sentenced appellant to a term of confinement of 50 years in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

Through two issues, appellant challenges the use of the prior convictions for purposes of proving the jurisdictional requirements of the felony driving while intoxicated statute. His challenge is based upon the objection at trial that to allow the use of the prior convictions is a violation against the prohibitions against *ex post facto* laws contained in

---

[2] Act of May 23, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574-77, repealed by Act of May 19, 1993, 73rd Leg. R.S., ch. 900 §1.15, 1993 Tex. Gen. Laws 3586, 3704.

This provision was recodified, in substantially the same form, in 1993 as Texas Penal Code section 49.09(e) and existed in this form until later amended by a provision effective on September 1, 2001. See Act of May 19, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3698, amended by Act of May 21, 2001, 77th Leg., R.S., ch. 648, § 2, 2001 Tex. Gen. Laws 1213, 1214, repealed by Act of May 25, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364. The punishment enhancement portion of the 1993 statute remained the same as the previous statute and will be treated as the same. Because the 2001 version of the statute became effective September 1, 2001, it is not relevant to this opinion.

3

the United States Constitution[3] and the Texas Constitution.[4]  We disagree with appellant's contentions and will affirm.

## Standard of Review

Appellant's contention was raised by an objection to the State's offer of proof regarding the prior convictions.  As the objection was to the introduction of the State's evidence, we review the trial court's decision to admit the evidence under an abuse of discretion standard.  See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). An appellate court should affirm the trial court's ruling unless it finds that the decision is not within the zone of reasonable disagreement.  See Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996).  Stated another way, we will find an abuse of discretion only when the trial court acted without reference to any guiding rules or principles by acting arbitrarily or unreasonably.  See Lyles v. State, 850 S.W.2d 497, 502 (Tex.Crim.App. 1993).

## *Ex Post Facto* Laws

That *ex post facto* laws are prohibited by both cited constitutions is well settled.  The issue presented is what constitutes an *ex post facto* law.  The leading case answering the question on the federal level is Carmell v. Texas, and Texas has adopted the same analytical approach to the issue.  See Carmell v. Texas, 529 U.S.513, 522, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000); see Grimes v. State, 807 S.W.2d 582, 583-84 (Tex.Crim.App.

---

[3] See U.S. CONST. art. I, §10.

[4] See TEX. CONST. art. I, § 16.

4

1991).  The Carmell analysis of the four types of *ex post facto* violations is derived from Justice Chase's opinion in Calder v. Bull.  See Calder v. Bull, 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (1798).  The four categories of *ex post facto* laws recognized by the Supreme Court of the United States and by the Texas Court of Criminal Appeals are: 1) laws that make an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action; 2) every law that aggravates a crime, or makes it greater than it was, when committed; 3) every law that changes the punishment and inflicts a greater punishment than the law annexed to the crime when it was committed; and 4) every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of commission of the offense in order to convict the offender.  Carmell, 529 U.S. at 522; Grimes, 807 S.W.2d at 584.  When we engage in an *ex post facto* analysis, our focus is whether the statute assigns more severe criminal or penal consequences to an act than did the law in place when the act occurred and it is irrelevant whether the statutory change touches any vested rights.  Grimes, 807 S.W.2d at 587 (citing Weaver v. Graham, 450 U.S. 24, 30 n.13, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981)).

Additionally, the general issue of the use of prior convictions to enhance punishment has been analyzed by both the Supreme Court of the United States and the Texas Court of Criminal Appeals.  See McDonald v. Massachusetts, 180 U.S. 311, 312, 21 S.Ct. 389, 45 L.Ed. 542 (1901); Shaw v. State, 529 S.W.2d 75, 76 (Tex.Crim.App. 1975).  Both courts have held that use of a conviction that occurred before enactment of the enhancement statute does not violate the prohibition against *ex post facto* laws because the punishment

5

is for the new crime only, but is heavier because the defendant is a habitual criminal. McDonald, 180 U.S. at 312; Shaw, 529 S.W.2d at 76.

Analysis

The use of a person's prior convictions that could not have been used to elevate the driving while intoxicated charge to a felony at the time they were originally committed has been addressed by a number of the Courts of Appeal in this state.  In each instance, the courts have held that the very application appellant complains of is not a violation of the prohibition against *ex post facto* laws.  See Castillo v. State, No. 03-07-00546-CR, 2008 Tex. App. LEXIS 6225, at *2 (Tex.App.–Austin, August 14, 2008, no pet. h.) (not designated for publication); Crocker v. State, No. 12-07-00413-CR, 2008 Tex. App. LEXIS 5259, at *7 (Tex.App.–Tyler, July 16, 2008, no pet. h.); State v Pieper, 231 S.W.3d 9, 14 (Tex.App.–Houston [14th Dist.] 2007, no pet.); Romo v. State, No. 04-05-00602-CR, 2006 Tex. App. LEXIS 10403, at *6 (Tex.App.–San Antonio, December 6, 2006, no pet.).  Yet, appellant urges that we should decide his case by applying the Court of Criminal Appeal's decision in Scott v. State, 55 S.W.3d 593 (Tex.Crim.App. 2001).  In Scott, the Court of Criminal Appeals reversed the conviction finding that the use of Scott's previous successfully completed deferred adjudication to enhance his punishment for the later offense of aggravated sexual assault violated the prohibition against *ex post facto* laws. We decline to do so.  The Scott opinion made it very clear that the prior deferred adjudication statute contained an explicit limitation on the collateral consequences of deferred adjudication.  Id. at 597. The statute in question stated, "A dismissal and discharge under this section may not be deemed a conviction for purposes of

6

disqualifications or disabilities imposed by law for conviction of an offense except that

. . . ."[5]  Id. at 595 n.3.  Subsequently, the statute was amended to add a provision that

made a completed deferred adjudication count as a conviction for purposes of the

aggravated sexual assault punishment regardless of whether the defendant had

successfully completed his deferred community supervision.[6]  The Court of Criminal

Appeals reasoned that because the statute in existence at the time of Scott's conviction

contained this express limitation that he was entitled to rely upon.  Id. at 597.  It was the

removal of the statutory limitation in the former version of the deferred adjudication law that

was at issue in Scott.  Ultimately, the court ruled that the defendant was entitled to rely on

the previous restriction.  Id. at 597.

The statutory limitation referred to in Scott is not present in the former article 6701l-

1.  At the time appellant was previously convicted, the statute simply had a provision that

the window for use of prior convictions was 10 years without the type of express limitation

found by the Court of Criminal Appeals to be crucial.[7]  Accordingly, when we analyze the

facts of the case before the Court under the holding in the Scott case, we come to the

---

[5] None of the exceptions were applicable to the situation in Scott.

[6] See Act of May 23, 1997, 75th Leg., R.S., ch. 667, § 4, 1997 Tex. Gen. Laws 2250, 2252 (amended 1999) (current version at Tex. Pen. Code Ann. § 12.42(g)(1) (Vernon Supp. 2008)).

[7] The applicable provision was article 6701l-1(i) which read, "A conviction may not be used for the purposes of enhancement under Subsection (d) or (e) of this article if:

1. the conviction was a final conviction under provisions of Subsections  (g) and (h) of this article and was for an offense committed more than 10 years before the offense for which the person is being tried was committed;. . . ."

7

conclusion that <u>Scott</u> does not control. Rather, we have a factual pattern where the punishment is for the offense that appellant was tried for and punishment has been increased because of the recidivist nature of appellant's conduct. <u>McDonald</u>, 180 U.S. at 312; <u>Shaw</u>, 529 S.W.2d at 76.

This leads to the conclusion that the trial court was correct in its ruling on the objection to the evidence. Therefore, the trial court could not have abused its discretion because it followed appropriate legal principles. We overrule appellant's contention to the contrary.

## Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice

Publish.

8