In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00516-CR


____________________



DARRIN HENRY ENGELBRECHT 


a/k/a DARRIN H. ENGELBRECHT, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 07-01436






 OPINION


 Darrin Henry Engelbrecht a/k/a Darrin H. Engelbrecht appeals his conviction for
felony driving while intoxicated ("DWI"). On appeal, Engelbrecht contends that using his
two prior DWI convictions to elevate his current case to a third-degree felony violated his
constitutional rights. These constitutional rights, according to Engelbrecht, arise under the
ex post facto clause of the United States Constitution and the retroactive law clause of the
Texas Constitution. See U.S. Const. art. I, § 10, cl. 1; Tex. Const. art. I, § 16; see also Tex.
Pen. Code Ann. § 49.04 (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2008). Engelbrecht
also alleges that he received ineffective assistance of counsel because his counsel did not
assert Engelbrecht's theory about the violation of his constitutional rights in the trial court. 
Because in our opinion no constitutional violations occurred, we affirm.

Background

 The State indicted Engelbrecht for felony DWI in 2007. See Tex. Pen. Code Ann.
§§ 49.04, 49.09(b)(2). The indictment alleged that Engelbrecht had two prior misdemeanor
offenses of DWI, one in 1991 and the second in 1995. (1) Based on a plea bargain, Engelbrecht
pled guilty to felony DWI; the trial court then found Engelbrecht guilty and assessed his
punishment at six years' confinement, but suspended his sentence and placed him on
community supervision for six years.

 The State subsequently filed a motion to revoke. Engelbrecht pled "true" to the
violation alleged in the motion. The trial court revoked Engelbrecht's community
supervision and assessed his punishment at six years' confinement. In three issues,
Engelbrecht appeals.

The Statute

 The enhancement provisions in the DWI statute at the time Engelbrecht committed
the 2007 DWI offense differ from the enhancement provisions existing at the time of his
prior DWIs. The enhancement statute applicable to 2007 convictions states, in pertinent part:
"[a]n offense under Section 49.04 . . . is a felony of the third degree if it is shown on the trial
of the offense that the person has previously been convicted: . . . two times of any other
offense relating to the operating of a motor vehicle while intoxicated . . . . " Tex. Pen. Code
Ann. § 49.09(b)(2). In contrast, the enhancement statutes that applied to 1995 and 1991
offenses excluded DWI convictions that had occurred more than ten years prior to the date
the DWI being prosecuted occurred. See Act of May 27, 1983, 68th Leg., R. S., ch. 303, §
3, 1983 Tex. Gen. Laws 1568, 1574-77 (statute in effect at time of 1991 DWI conviction);
repealed by Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws
3586, 3704; Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws
3586, 3697-98; amended by Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex.
Gen. Laws 2734, 2742-43 (statute in effect at time of 1995 DWI conviction). In 2005, the
legislature changed the enhancement provisions in the DWI statute to allow prior DWI
convictions, regardless of the date they had occurred, to be used to increase the defendant's
potential punishment range for DWIs. See Tex. Pen. Code Ann. § 49.09(b)(2) (Vernon
Supp. 2008); see also Act of May 27, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen.
Laws 3363, 3364 (repealing former section 49.09(e), which rendered certain prior
convictions unavailable for enhancement). Ex Post Facto 

 In Engelbrecht's first issue, he contends that the "2005 DWI amendments . . .
permitting the use of his [1991] and 1995 [DWI] convictions violate[] the ex post facto
clause of the United States Constitution." Although Engelbrecht failed to assert this
objection in the proceedings before the trial court, an ex post facto claim can be presented
for the first time on appeal because a "categorical prohibition" may not be waived. See
Ieppert v. State, 908 S.W.2d 217, 220 (Tex. Crim. App. 1995). 

 With respect to prohibiting ex post facto laws, Texas has interpreted its constitution
to have the same meaning as the federal constitution. See Grimes v. State, 807 S.W.2d. 582,
585-86 (Tex. Crim. App. 1991) (en banc). Thus, the ex post facto provisions in both the
Unites States and Texas constitutions prohibit (1) laws that make an action done before the
passing of the law, which was innocent when done, criminal, and punishes such action; (2)
laws that aggravate a crime, or make it greater than it was, when committed; (3) laws that
change the punishment and inflict a greater punishment than the law annexed to the crime
when it was committed; and (4) laws that alter the rules of evidence to require less, or
different, testimony, than the law required at the time of the commission of the offense to
convict the offender. Carmell v. Texas, 529 U.S. 513, 522, 120 S.Ct. 1620, 146 L.Ed.2d 577
(2000); Grimes, 807 S.W.2d at 584; see also Calder v. Bull, 3 U.S. 386, 390 (1798). An ex
post facto analysis focuses on whether the statute assigns more severe criminal or penal
consequences to an act than did the law in place when the act occurred; it is irrelevant
whether the statutory change touches any vested rights. Grimes, 807 S.W.2d at 587 (citing
Weaver v. Graham, 450 U.S. 24, 30 n.13, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981)).

 Both the United States Supreme Court and the Texas Court of Criminal Appeals have
analyzed the constitutionality of using prior convictions to enhance punishment. See
McDonald v. Mass., 180 U.S. 311, 312-13, 21 S.Ct. 389, 45 L.Ed. 542 (1901); Scott v. State,
55 S.W.3d 593, 597 (Tex. Crim. App. 2001). McDonald held that the enhancement statutes
at issue penalized the new criminal offense; therefore, the statutes did not constitute
retroactive punishment for former offenses. McDonald, 180 U.S. at 312-13. In Scott, the
Court of Criminal Appeals explained: "'The punishment is for the new crime only, but is the
heavier if he is an habitual criminal. . . . The statute, imposing a punishment on none but
future crimes, is not ex post facto.'" Scott, 55 S.W.3d at 597 (quoting McDonald, 180 U.S.
at 312-13). 

 Several of our sister appeals courts have addressed the very issue Engelbrecht
complains of in this appeal. All of these courts held that using prior DWI convictions to
enhance a DWI, even though the prior convictions occurred under statutes that at that time
would have precluded their use to enhance the current DWI, does not violate the prohibition
against ex post facto laws. See Sepeda v. State, 280 S.W.3d 398, 402 (Tex. App.-Amarillo
2008, pet. ref'd); Crocker v. State, 260 S.W.3d 589, 592 (Tex. App.-Tyler 2008, no pet.);
Saucedo v. State, No. 03-06-00305-CR, 2007 Tex. App. LEXIS 4292, at **9-10 (Tex.
App.-Austin May 30, 2007, no pet.) (mem. op.); State v. Pieper, 231 S.W.3d 9, 15 (Tex.
App.-Houston [14th Dist.] 2007, no pet.); Romo v. State, No. 04-05-00602-CR, 2006 Tex.
App. LEXIS 10403, at **5-6 (Tex. App.-San Antonio Dec. 6, 2006, no pet.) (mem. op.). 

 Engelbrecht relies on the Court of Criminal Appeals' opinion in Scott and argues that
in applying it, we should conclude that the change in the DWI enhancement statute is an ex
post facto law. We disagree. In Scott, the Court of Criminal Appeals discussed a repealed
statute that, prior to its amendment, expressly provided: "A dismissal and discharge under
this section may not be deemed a conviction for the purposes of disqualifications or
disabilities imposed by law for conviction of an offense[.]" Scott, 55 S.W.3d. at 595. A later
amendment to the statute added a provision that made a completed deferred adjudication
count as a conviction for purposes of the aggravated sexual assault punishment, even if the
defendant had successfully completed and been discharged from his community supervision. 
Id. at 595-96. The Court of Criminal Appeals concluded that the application of the amended
statute to Scott, who had successfully completed deferred adjudication, would result in a
violation of the constitutional prohibition against ex post facto laws. Scott, 55 S.W.3d at
597-98. 

 In Sepeda, the Amarillo Court of Appeals addressed the application of Scott to the
same DWI statute that is at issue here, and stated that "[t]he Scott opinion made it very clear
that the prior deferred adjudication statute contained an explicit limitation on the collateral
consequences of deferred adjudication." Sepeda, 280 S.W.3d at 401 (citing Scott, 55 S.W.3d
at 597). We agree with the reasoning in Sepeda, that the Court of Criminal Appeals'
conclusion in Scott is based on the presence of statutory language, in the statute the Court
reviewed, which expressly provided for the consequences of a dismissal; the same or similar
language is not present in the prior versions of the statutes we consider here. Scott, 55
S.W.3d at 597.

 Like Sepeda, and the other opinions of our sister courts addressing this issue, we
conclude that Scott is distinguishable. See Sepeda, 280 S.W.3d at 402; Crocker, 260 S.W.3d
at 591-92; Saucedo, 2007 Tex. App. LEXIS 4292, at **7-9; Pieper, 231 S.W.3d at 14-15;
Romo, 2006 Tex. App. LEXIS 10403, at **2-6. At the time of Engelbrecht's prior
convictions, "the statute simply had a provision that the window for use of prior convictions
was 10 years without the type of express limitation found by the Court of Criminal Appeals
to be crucial." Sepeda, 280 S.W.3d at 402; see also Scott, 55 S.W.3d at 596-97. The former
ten-year limitation on the use of prior DWI convictions "was not an explicit guarantee that
those convictions could not be used in the future, but only a restriction on what prior
convictions could be used to enhance an offense at that time." Pieper, 231 S.W.3d at 15. 

 We conclude that the 2005 change to the DWI enhancement provisions did not violate
the prohibition on ex post facto laws found in the United States Constitution. See McDonald,
180 U.S. at 312; Scott, 55 S.W.3d at 597. Consequently, we overrule Engelbrecht's first
issue.

Texas's Retroactive Law Clause

 In his second issue, Engelbrecht argues that the 2005 amendments, permitting the use
of his prior DWI convictions, violate the "retroactive clause" of the Texas Constitution. See
Tex. Const. art. I, § 16 ("No . . . retroactive law . . . shall be made."). Referring to the
"Interpretive Commentary" of article I, section 16, of the Texas Constitution, Engelbrecht
contends that the "Texas 'retroactive law' prohibition is broader than that contained in the
ex post facto clauses of the United States and Texas Constitutions" and thus, should be used
to "strike down the 2005 DWI amendments[.]" (2) See Tex. Const. art. I, § 16 interp.
commentary (Vernon 2007).

 Engelbrecht contends that the violation of the Texas Constitutional prohibition on
retroactive laws does not "have to rise to the level of a 'vested right[.]'" We disagree, as the
Court of Criminal Appeals has explained: "The retroactive laws provision of the Texas
Constitution operates only to prohibit the application of statutes which disturb vested,
substantial rights." Ibarra v. State, 11 S.W.3d 189, 192 (Tex. Crim. App. 1999). 

 At the time of Engelbrecht's 2007 offense, the DWI enhancement statute had already
been amended to allow any prior DWI conviction to be considered for enhancement
purposes. Before committing the 2007 DWI, Engelbrecht was on notice of the potential
consequence that another DWI conviction would authorize the State to use all of his prior
DWIs to statutorily enhance the punishment range of his potential sentence. The State has
a legitimate interest in creating a statutory punishment scheme that has the effect of 
increasing penalties for recidivists. See generally Rummel v. Estelle, 445 U.S. 263, 276, 100
S.Ct. 1133, 63 L.Ed.2d 382 (1980) (noting the interest of Texas in enacting recidivist statutes
generally includes "dealing in a harsher manner with those who by repeated criminal acts
have shown that they are simply incapable of conforming to the norms of society as
established by its criminal law"); Spencer v. Texas, 385 U.S. 554, 556, 87 S.Ct. 648, 17
L.Ed.2d 606 (1967) (noting the effect of Texas's habitual-criminal statutes "to enhance the
punishment of those found guilty of crime who are also shown to have been convicted of
other crimes in the past"). In our opinion, Engelbrecht's interest in the State's continuation
of its prior enhancement scheme is not a vested substantial right. His punishment is based
on the statutory punishment in effect at the time he committed the offense; he has no right
to be punished based on the provisions contained in prior repealed statutes. Thus, even if the
retroactive laws prohibition applies to criminal cases, a matter we do not decide, we would
hold that Engelbrecht had no substantial vested right in the State's continuation of its prior
enhancement scheme. Therefore, to the extent that the retroactive law prohibition of the
Texas Constitution may apply to criminal cases, we conclude that the 2005 amendments to
the DWI enhancement statute did not violate that prohibition. We overrule Engelbrecht's
second issue.

Ineffective Assistance of Counsel

 In Engelbrecht's third issue, he asserts that he received the ineffective assistance of
counsel because his trial counsel failed to "object or attack the constitutionality of the [2005]
amendments" in the trial court. Appellate courts review claims of ineffective assistance of
counsel under the standards set out in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct.
2052, 80 L.Ed.2d 674 (1984). The defendant must show his counsel's performance was
deficient and that the deficient performance prejudiced his defense. Id.; Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002). Because we conclude that Engelbrecht's
constitutional rights were not violated based on the issues he raised in his appeal, we find that
he was not prejudiced by the alleged ineffective assistance of his trial attorney who did not
raise these arguments in the trial court. Accordingly, we overrule Engelbrecht's third issue
and affirm the trial court's judgment.

 AFFIRMED.

 _____________________________

 HOLLIS HORTON

 Justice



Submitted on July 27, 2009

Opinion Delivered August 26, 2009

Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Engelbrecht's brief asserts that in addition to his 1995 DWI conviction, his other
prior DWI conviction occurred in 1986. The indictment reflects that his prior DWI
convictions occurred on May 6, 1991, in Brazos County, Texas, and on October 5, 1995, in
Jefferson County, Texas. We find no challenge to the indictment in the record. Thus, we
refer to Engelbrecht's prior DWI convictions as those that occurred in 1991 and 1995
. 
2. Whether the retroactive law prohibition extends to criminal cases has not yet been
determined by the Court of Criminal Appeals. See Grimes v. State, 807 S.W.2d 582, 586
(Tex. Crim. App. 1991) (en banc). Like the approach taken by the Court of Criminal
Appeals, our discussion of the issue assumes but does not decide that the prohibition applies
to criminal cases. See id. at 587-88.