

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00060-CR

---

**ROBERT HOLLIE, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CR-0166, Honorable William R. Eichman II, Presiding

---

October 22, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Robert Hollie, appeals from his conviction for the offense of sexual assault of a child[1] and resulting sentence of twenty years' incarceration. We affirm the trial court's judgment.

---

[1] *See* TEX. PENAL CODE ANN. § 22.011(a)(2).

BACKGROUND

Appellant married Monica Meadows. At the time of the marriage, Meadows had three children. While the children were initially cold toward Appellant, they eventually began to see him as a father figure. When one of the children, K.W., was fifteen years old, she and Appellant began having a sexual relationship. At the beginning, Appellant would touch K.W. inappropriately. This escalated to Appellant inserting his fingers into her vagina. These incidents occurred many times. As K.W. approached her sixteenth birthday, Appellant, who was around 36 at the time, began pressuring her to have sex with him. She repeatedly refused his advances but eventually gave in "because he wouldn't stop asking." Appellant wore a condom while having sex with K.W. for a while but, eventually, he gave K.W. "little white pills" to prevent her from getting pregnant. This activity occurred over a period of approximately two years, until K.W. outcried when she was seventeen.

Appellant was indicted for the offense of sexual assault of a child. At trial, K.W. testified about the nature of her relationship with Appellant, including the progression of his acts from inappropriate touching to sexual intercourse. During the trial, Appellant elicited testimony that K.W. had provided inconsistent versions of her story regarding the progression of her relationship with Appellant. During the charge conference at the close of evidence, Appellant requested that "indecent exposure" and "indecent assault" be included in the court's jury charge as lesser-included offenses of the charged offense of sexual assault of a child. The trial court denied these requests. The jury ultimately found Appellant guilty and recommended that he be sentenced to twenty years' incarceration.

The trial court accepted the jury's verdicts and entered judgment in accordance therewith. From this judgment, Appellant timely appealed.

Appellant presents one issue by his appeal. By it, he contends that the trial court erred by failing to include the two lesser-included offenses he requested in the jury charge.

## STANDARD OF REVIEW

We review a trial court's refusal to include a lesser-included-offense instruction in the court's charge for an abuse of discretion. *Manahan v. State*, Nos. 07-18-00196-CR, 07-18-00197-CR, 2019 Tex. App. LEXIS 10232, at *3 (Tex. App.—Amarillo Nov. 25, 2019, no pet.) (mem. op., not designated for publication) (citing *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004) (en banc)). The Court of Criminal Appeals has identified the two-part process by which we determine whether a defendant was entitled to a lesser-included-offense instruction.

> First, we must determine whether the proof necessary to establish the charged offense also includes the lesser offense. This is a question of law, and it does not depend on the evidence to be produced at trial. Second, if this requirement is met, we must further determine whether there is some evidence in the record that would permit the jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. Under this second step, "anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge." A defendant is entitled to an instruction on a lesser-included offense regardless of whether the evidence supporting the instruction "is weak, impeached, or contradicted." . . . However, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." Ultimately, the inquiry is whether the evidence establishes the lesser-included offense as a valid, rational alternative to the charged offense.

3

*Simms v. State*, 629 S.W.3d 218, 222 (Tex. Crim. App. 2021) (internal citations omitted).

## LAW AND ANALYSIS

By his sole issue, Appellant challenges the trial court's failure to include two proposed lesser-included offenses in the jury's charge, specifically indecent assault and indecent exposure. We will address each claimed lesser-included offense in turn.

## **Indecent Assault**

First, we will address whether the trial court erred in denying Appellant's requested lesser-included-offense instruction of indecent assault. The State contends that the indecent assault offense did not become effective until September 1, 2019, which was three years after Appellant's commission of the offense, and therefore could not have been properly submitted to the jury as a lesser-included offense of sexual assault of a child.

Both the United States and Texas constitutions prohibit the passage of ex post facto laws. U.S. CONST. art. 1, § 9, cl. 3; TEX. CONST. art. I, § 16. "An ex post facto law is any law passed 'after the fact' or commission of an act, that retrospectively changes the consequences of such act." *Baez v. State*, 486 S.W.3d 592, 599–600 (Tex. App.—San Antonio 2015, pet. ref'd) (citing *Grimes v. State*, 807 S.W.2d 582, 583–84 (Tex. Crim. App. 1991)). One category of ex post facto laws that has been recognized by both the United States Supreme Court and the Texas Court of Criminal Appeals is "laws that make an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action . . . ." *Sepeda v. State*, 280 S.W.3d 398, 401 (Tex.

4

App.—Amarillo 2008, pet. ref'd) (citing *Carmell v. Texas*, 529 U.S. 513, 522, 120 S. Ct. 1620, 146 L. Ed. 2d 577 (2000), and *Grimes*, 807 S.W.2d at 584).

The statute making indecent assault a criminal offense was enacted in 2019 and became effective on September 1, 2019. *See* Act of May 22, 2019, 86th Leg., R.S., Ch. 955, § 1, 2019 Tex. Gen. Laws 2768, 2768–69 (enacting Texas Penal Code section 22.012, effective September 1, 2019). Consequently, the offense of indecent assault was not a crime in 2016 when Appellant committed the offense for which he was tried. As a result, the offense of indecent assault was not available as a lesser-included offense in the jury charge in the present case because its inclusion would have violated the ex post facto clause of both the United States and Texas constitutions. *See Pope v. State*, 509 S.W.2d 593, 594 (Tex. Crim. App. 1974) (stating that the lesser-included-offense instruction was "erroneously submitted" because the statute creating the offense did not become effective until after the offense was committed). Because the offense of indecent assault was not a crime at the time of Appellant's commission of the sexual assault of a child, it would have been error for the trial court to submit a lesser-included-offense instruction regarding indecent assault in the jury charge.[2] *See id.*; *Sepeda*, 280 S.W.3d at 401. We conclude that the trial court did not err in denying Appellant's request to submit the offense of indecent assault as a lesser-included offense in the present case.

**Indecent Exposure**

Appellant also requested that the trial court include a lesser-included-offense instruction in the jury charge regarding indecent exposure. The State contends that

---

[2] Because submission of a lesser-included-offense instruction on indecent assault in this case would be error as violative of federal and state constitutional prohibitions on ex post facto laws, we express no opinion on whether indecent assault constitutes a lesser-included offense of sexual assault of a child.

5

Appellant was not entitled to a lesser-included-offense instruction on indecent exposure as a matter of fact, because the "mere disbelief of evidence . . . is insufficient to justify the submission of a lesser offense."

The first step of the *Simms* test identified above is to determine whether indecent exposure constitutes a lesser-included offense of sexual assault of a child as a matter of law. *See Simms*, 629 S.W.3d at 222. This step tasks us with "comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense." *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). An offense is a lesser-included offense as a matter of law if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged . . . ." TEX. CODE CRIM. PROC. ANN. art. 37.09(1).

Both the Court of Criminal Appeals and this Court have held that indecency with a child by exposure is a lesser-included offense of sexual assault of a child. *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009); *Manahan*, 2019 Tex. App. LEXIS 10232, at *5. Likewise, indecent exposure is a lesser-included offense of indecency with a child by exposure. *Briceno v. State*, 580 S.W.2d 842, 844 (Tex. Crim. App. 1979). Thus, the first step of the *Simms* test is satisfied in the present case.

Turning to the second step in the *Simms* test, we must determine whether a rational jury could find Appellant guilty only of the lesser-included offense of indecent exposure. This step "is a question of fact and is based on the evidence presented at trial." *Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012). To meet this test, the evidence must be such that it raises the lesser-included offense and either rebuts or negates an element of the greater offense or is subject to different interpretations.

6

*Manahan*, 2019 Tex. App. LEXIS 10232, at *5 (citing *Bullock v. State*, 509 S.W.3d 921, 925 (Tex. Crim. App. 2016)).  As the Court of Criminal Appeals has stated,

> While it is true that the evidence may be weak or contradicted, the evidence must still be directly germane to the lesser-included offense and must rise to a level that a rational jury could find that if Appellant is guilty, he is guilty only of the lesser-included offense.  Meeting this threshold requires more than mere speculation—it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense.

*Cavazos*, 382 S.W.3d at 385.

The elements of sexual assault that are not present in indecent exposure are whether prohibited physical contact occurred between the defendant and the victim and whether the defendant exposed himself knowing that a child was present or recklessly as to whether another person was present.  *See Manahan*, 2019 Tex. App. LEXIS 10232, at *7 (sexual assault requires proof of contact); *Briceno*, 580 S.W.2d at 844 (indecency with a child by exposure requires proof that defendant knew that a child was present).

K.W. testified that, for more than a year, Appellant progressed from touching her groin area with his foot to vaginal and anal sex.  She testified that Appellant gave her pills to prevent her from getting pregnant.  Evidence establishes that Appellant's DNA and semen were found on K.W.'s mattress.  It is apparent that Appellant knew that K.W. was a minor during the time Appellant assaulted her.  Nothing in the evidence rebuts or negates that Appellant made physical contact with K.W. in a manner prohibited by the sexual assault statute, *see* TEX. PENAL CODE ANN. § 22.011(a)(2), or that he knew that K.W. was a child and was present when he exposed himself as prohibited by the indecency with a child statute, *see* TEX. PENAL CODE ANN. § 21.11(a)(2)(A).

7

Appellant does not contend that any evidence rebuts or negates that he committed sexual assault of a child. Rather, he seems to contend that K.W.'s story is subject to different interpretations. He highlights evidence that K.W. recanted her outcry at one point, may have initiated the sexual relationship with Appellant, and may have withheld details about the relationship from her mother. Notably, Appellant does not challenge the evidence that he had sexual contact with K.W.[3] Because submission of the lesser-included offense of indecent exposure would require evidence that Appellant did not have prohibited sexual contact with K.W. and there is no such evidence present in this case,[4] we conclude that the trial court did not err in denying Appellant's request to submit the offense of indecent exposure as a lesser-included offense in the present case.

## CONCLUSION

For the foregoing reasons, we overrule Appellant's sole issue and affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

---

[3] In his brief, Appellant contends that Deputy Recter "testified that his impression was that [the] alleged acts only occurred three or four times over a couple of years." From context, it appears that the "alleged acts" referenced in this quotation were instances of prohibited sexual contact between Appellant and K.W.

[4] Because submission of the lesser-included offense of indecent exposure would require evidence that Appellant did not have prohibited sexual contact with K.W. and no such evidence exists in the record, we need not address whether there was also evidence that Appellant exposed himself recklessly regarding whether another person was present. *See* TEX. R. APP. P. 47.1.