ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 2, 2014

The Honorable Susan Combs
Texas Comptroller of Public Accounts
Post Office Box 13528
Austin, Texas 78711-3528

Opinion No. GA-1034

Re: Whether Government Code section 51.608, which requires that court costs imposed on a defendant in a criminal proceeding be the amount required on the date the defendant is convicted, violates federal and state constitutional prohibitions of ex post facto laws (RQ-1135-GA)

Dear Comptroller Combs:

You ask whether Government Code section 51.608 violates federal and state constitutional prohibitions on ex post facto laws.[1] The statute provides:

Notwithstanding any other law that establishes the amount of a court cost collected by the clerk of a district, county, or statutory county court from a defendant in a criminal proceeding based on the law in effect on the date the offense was committed, the amount of a court cost imposed on the defendant in a criminal proceeding must be the amount established under the law in effect on the date the defendant is convicted of the offense.

TEX. GOV'T CODE ANN. § 51.608 (West Supp. 2013). Under section 51.608, a criminal defendant could be required to pay more in court costs than the amount that was required on the date the offense was committed. You are concerned that such a scenario may run afoul of the constitutional prohibition on ex post facto laws. Request Letter at 1. As we explain below, it does not.

The United States and the Texas Constitutions both prohibit ex post facto laws. U.S. CONST. art. I, § 10, cl. 1; TEX. CONST. art. I, § 16. Texas courts have decided that the ex post facto provisions in both constitutions have the same meaning and have therefore adopted the U.S. Supreme Court's standards for analyzing Texas's constitutional ex post facto provision.

[1]See Letter from Honorable Susan Combs, Tex. Comptroller of Pub. Accounts, to Honorable Greg Abbott, Tex. Att'y Gen. (July 9, 2013), http://texasattorneygeneral.gov/opin ("Request Letter").

*Grimes v. State*, 807 S.W.2d 582, 586 (Tex. Crim. App.1991).[2] The constitutional prohibition on ex post facto laws bars any law enacted after a crime has been committed that increases punishment for the crime. *Carmell v. Texas*, 529 U.S. 513, 522 (2000); *Phillips v. State*, 362 S.W.3d 606, 610 (Tex. Crim. App. 2011). In other words, "[a] retroactive increase in the 'quantum of punishment' violates the ex post facto clause." *Johnson v. State*, 930 S.W.2d 589, 591 (Tex. Crim. App. 1996) (citation omitted).

The Texas Court of Criminal Appeals has held that, unlike a sentence of incarceration or a fine, an order to pay court costs is generally not a part of the punishment assessed against a convicted defendant. *See, e.g.*, *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011) (distinguishing court costs, which do not change "the range of punishment to which the defendant is subject," from fines, which are punishment and part of the sentence); *Weir v. State*, 278 S.W.3d 364, 365–66 (Tex. Crim. App. 2009) (determining that a statute authorizing the assessment of costs against a convicted defendant was intended as recoupment of judicial costs, not as punishment); *Rylander v. Caldwell*, 23 S.W.3d 132, 138 (Tex. App.—Austin 2000, no pet.) (determining that a statute providing for defendants to a pay a particular court cost was intended to supplement statutory county court judges' salaries, not to criminalize or punish certain behavior). Because court costs generally do not constitute punishment, an increase in court costs after an offense is committed generally will not constitute a prohibited increase in punishment. Therefore, in the vast majority of cases, the increase in court costs made possible by section 51.608 will raise no ex post facto concerns.[3]

While court costs generally do not constitute punishment and therefore generally do not implicate prohibitions on ex post fact laws, a court could find, in an extraordinary case, that a

_____

[2]You also suggest that section 51.608 may be unconstitutional as a "retroactive law" prohibited by article I, section 16 of the Texas Constitution. Request Letter at 2. The Court of Criminal Appeals has not definitively determined whether the retroactive law prohibition extends to criminal cases separately from the ex post facto prohibition. *See Engelbrecht v. State*, 294 S.W.3d 864, 869 n.2 (Tex. App.—Beaumont 2009, no pet.) (citing *Grimes v. State*, 807 S.W.2d 582, 586 (Tex. Crim. App. 1991)). Assuming that it does apply, the retroactive law provision only prohibits laws that disturb vested substantive rights. *Ibarra v. State*, 11 S.W.3d 189, 192 (Tex. Crim. App. 1999). Court costs are generally imposed by a bill of costs prepared upon conviction. *See, e.g.*, TEX. LOC. GOV'T CODE ANN. § 133.102 (West Supp. 2013) (consolidated fees on conviction); TEX. GOV'T CODE ANN. § 102.021 (West 2013) (court costs on conviction); *see also* TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006) (providing that a cost is not payable "until a written bill is produced or is ready to be produced"). A person charged with a crime does not have a vested right to expect court cost statutes to remain static throughout the pendency of prosecution. *See City of Dallas v. Trammell*, 101 S.W.2d 1009, 1012 (Tex. 1937) (holding that a person does not have a vested right in the expectancy of the "continuance of existing laws").

[3]You note that prior attorney general opinions have broadly indicated that statutes imposing or increasing court costs for pending criminal proceedings are unconstitutional ex post facto laws. Request Letter at 2 (citing Tex. Att'y Gen. Op. Nos. DM-464 (1997), JM-443 (1986)). These opinions however, predate the Court of Criminal Appeals decisions on which this opinion is based. These attorney general opinions should not be relied upon to the extent they are inconsistent with more recent authority from the Court of Criminal Appeals regarding ex post facto laws.

particular increase in court costs amounts to increased punishment in violation of the ex post facto clause.   The Court of Criminal Appeals has held that whether a statute constitutes punishment for constitutional purposes may be determined by application of the "intent-effects" test. *Rodriguez v. State*, 93 S.W.3d 60, 67 (Tex. Crim. App. 2002).  The first part of the test requires a court to determine if the Legislature intended the statute to constitute a criminal punishment.  *Id.*  The inquiry is in part a matter of statutory construction, and courts "must afford a high level of deference to the [L]egislature's stated aims in passing the statute."  *Id.*  If the statute was intended as punishment, the inquiry is over, and retroactive application of the statute would be unconstitutional.  *See id.*  If no punitive intent is apparent, however, then a court must consider seven factors to determine whether the effects of the statute are criminally punitive in operation. *See id.* at 68.[4]

While court costs generally do not constitute punishment, merely labeling a monetary sanction as "court costs" does not guarantee the law's constitutionality.  *See Collins v. Youngblood*, 497 U.S. 37, 46 (1990) ("[B]y simply labeling a law 'procedural,' a legislature does not thereby immunize it from scrutiny under the Ex Post Facto Clause.").  As explained above, however, court costs are generally not considered punitive, so an increase in court costs generally will not raise ex post facto concerns.  Like the Court of Criminal Appeals, courts outside of Texas considering the issue have typically determined that statutes imposing new costs, if they are not punitive in either intent or effect, are not unconstitutional ex post facto laws.[5]  A Texas court would likely conclude that section 51.608 of the Texas Government Code does not violate the ex post facto clauses of the United States or Texas Constitutions.[6]

---

[4]"Courts consider: (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has traditionally been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment—retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable to it; and (7) whether it appears excessive in relation to the alternative purpose assigned." *Rodriguez*, 93 S.W.3d at 68.

[5]*See, e.g., Taylor v. Rhode Island*, 101 F.3d 780, 783–84 (1st Cir. 1996), *cert. denied*, 521 U.S. 1104 (1997) (holding that small cost-based supervisory fee was not an ex post facto punishment); *People v. Alford*, 171 P.3d 32, 36–39 (Cal. 2007) (holding that a new fee was not an ex post facto law because it was enacted as part of an emergency budgetary measure for the nonpunitive purpose of funding court security); *Doe v. Sex Offender Registry Bd.*, 947 N.E.2d 9, 23–26 (Mass. 2011) (determining that neither the purpose nor the effect of an annual sex offender registry fee was punitive and therefore not an unconstitutional ex post facto law).

[6]Even if our answer were otherwise, it would not change your office's legal obligation to implement the law as enacted by the Legislature.  Administrative agencies like the Comptroller's office are to implement statutes according to legislative intent, leaving the determination of a statute's constitutionality to the judiciary.  *See Edwards Aquifer Auth. v. Day*, 369 S.W.3d 814, 844 (Tex. 2012) (stating that "as a rule," an administrative agency does not have the authority to decide the constitutionality of a statute).

## S U M M A R Y

A court would likely conclude that section 51.608 of the Texas Government Code does not violate the ex post facto clauses of the United States or Texas Constitutions.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee