**Darrin Henry ENGELBRECHT a/k/a Darrin H. Engelbrecht, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09-08-00516-CR.**

Court of Appeals of Texas, Beaumont.

Submitted July 27, 2009.

Decided Aug. 26, 2009.

Bruce W. Cobb, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Ann Manes, Rodney D. Conerly, Asst. Crim. Dist. Attys., Beaumont, for states.

Before McKEITHEN, C.J.,
GAULTNEY and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

Darrin Henry Engelbrecht a/k/a Darrin H. Engelbrecht appeals his conviction for felony driving while intoxicated ("DWI"). On appeal, Engelbrecht contends that using his two prior DWI convictions to elevate his current case to a third-degree felony violated his constitutional rights. These constitutional rights, according to Engelbrecht, arise under the *ex post facto* clause of the United States Constitution and the retroactive law clause of the Texas Constitution. *See* U.S. CONST. art. I, § 10, cl. 1; TEX. CONST. art. I, § 16; *see also* TEX. PEN.CODE ANN. § 49.04 (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2008). Engelbrecht also alleges that he received ineffective assistance of counsel because his counsel did not assert Engelbrecht's theory about the violation of his constitutional rights in the trial court. Because in our opinion no constitutional violations occurred, we affirm.

## Background

The State indicted Engelbrecht for felony DWI in 2007. *See* TEX. PEN.CODE ANN. §§ 49.04, 49.09(b)(2). The indictment alleged that Engelbrecht had two prior misdemeanor offenses of DWI, one in 1991 and the second in 1995.[1] Based on a plea bargain, Engelbrecht pled guilty to felony DWI; the trial court then found Engelbrecht guilty and assessed his punishment at six years' confinement, but suspended his sentence and placed him on community supervision for six years.

The State subsequently filed a motion to revoke. Engelbrecht pled "true" to the violation alleged in the motion. The trial court revoked Engelbrecht's community supervision and assessed his punishment at six years' confinement. In three issues, Engelbrecht appeals.

## The Statute

The enhancement provisions in the DWI statute at the time Engelbrecht committed the 2007 DWI offense differ from the enhancement provisions existing at the time of his prior DWIs. The enhancement statute applicable to 2007 convictions states, in pertinent part: "[a]n offense under Section 49.04 ... is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted: ... two times of any other offense relating to the operating of a motor vehicle while intoxicated...." TEX. PEN.CODE ANN. § 49.09(b)(2). In contrast, the enhancement statutes that applied to 1995 and 1991 offenses excluded DWI convictions that had occurred more than ten years prior to the date the DWI being prosecuted occurred. *See* Act of May 27, 1983, 68th Leg., R. S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574–77 (statute in effect at time of 1991 DWI conviction); *repealed by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704; Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3697–98; *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2734, 2742–43 (statute in effect at time of 1995 DWI conviction). In 2005,

---

1. Engelbrecht's brief asserts that in addition to his 1995 DWI conviction, his other prior DWI conviction occurred in 1986. The indictment reflects that his prior DWI convictions occurred on May 6, 1991, in Brazos County, Texas, and on October 5, 1995, in Jefferson County, Texas. We find no challenge to the indictment in the record. Thus, we refer to Engelbrecht's prior DWI convictions as those that occurred in 1991 and 1995.

the legislature changed the enhancement provisions in the DWI statute to allow prior DWI convictions, regardless of the date they had occurred, to be used to increase the defendant's potential punishment range for DWIs. *See* TEX. PEN.CODE ANN. § 49.09(b)(2) (Vernon Supp. 2008); *see also* Act of May 27, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364 (repealing former section 49.09(e), which rendered certain prior convictions unavailable for enhancement).

### Ex Post Facto

■ In Engelbrecht's first issue, he contends that the "2005 DWI amendments ... permitting the use of his [1991] and 1995[DWI] convictions violate[ ] the *ex post facto* clause of the United States Constitution." Although Engelbrecht failed to assert this objection in the proceedings before the trial court, an *ex post facto* claim can be presented for the first time on appeal because a "categorical prohibition" may not be waived. *See Ieppert v. State*, 908 S.W.2d 217, 220 (Tex.Crim.App. 1995).

■ With respect to prohibiting *ex post facto* laws, Texas has interpreted its constitution to have the same meaning as the federal constitution. *See Grimes v. State*, 807 S.W.2d 582, 585–86 (Tex.Crim. App.1991) (en banc). Thus, the *ex post facto* provisions in both the Unites States and Texas constitutions prohibit (1) laws that make an action done before the passing of the law, which was innocent when done, criminal, and punishes such action; (2) laws that aggravate a crime, or make it greater than it was, when committed; (3) laws that change the punishment and inflict a greater punishment than the law annexed to the crime when it was committed; and (4) laws that alter the rules of evidence to require less, or different, testimony, than the law required at the time of

the commission of the offense to convict the offender. *Carmell v. Texas*, 529 U.S. 513, 522, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000); *Grimes*, 807 S.W.2d at 584; *see also Calder v. Bull*, 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (1798). An *ex post facto* analysis focuses on whether the statute assigns more severe criminal or penal consequences to an act than did the law in place when the act occurred; it is irrelevant whether the statutory change touches any vested rights. *Grimes*, 807 S.W.2d at 587 (citing *Weaver v. Graham*, 450 U.S. 24, 30 n. 13, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981)).

Both the United States Supreme Court and the Texas Court of Criminal Appeals have analyzed the constitutionality of using prior convictions to enhance punishment. *See McDonald v. Mass.*, 180 U.S. 311, 312–13, 21 S.Ct. 389, 45 L.Ed. 542 (1901); *Scott v. State*, 55 S.W.3d 593, 597 (Tex.Crim. App.2001). *McDonald* held that the enhancement statutes at issue penalized the new criminal offense; therefore, the statutes did not constitute retroactive punishment for former offenses. *McDonald*, 180 U.S. at 312–13, 21 S.Ct. 389. In *Scott*, the Court of Criminal Appeals explained: " 'The punishment is for the new crime only, but is the heavier if he is an habitual criminal.... The statute, imposing a punishment on none but future crimes, is not *ex post facto*.' " *Scott*, 55 S.W.3d at 597 (quoting *McDonald*, 180 U.S. at 312–13, 21 S.Ct. 389).

Several of our sister appeals courts have addressed the very issue Engelbrecht complains of in this appeal. All of these courts held that using prior DWI convictions to enhance a DWI, even though the prior convictions occurred under statutes that at that time would have precluded their use to enhance the current DWI, does not violate the prohibition against *ex post facto* laws. *See Sepeda v. State*, 280 S.W.3d 398,

402 (Tex.App.-Amarillo 2008, pet. ref'd); *Crocker v. State,* 260 S.W.3d 589, 592 (Tex. App.-Tyler 2008, no pet.); *Saucedo v. State,* No. 03–06–00305–CR, 2007 WL 1573948, at \*\*3–4 2007 Tex.App. LEXIS 4292, at \*\*9–10 (Tex.App.-Austin May 30, 2007, no pet.) (mem. op.); *State v. Pieper,* 231 S.W.3d 9, 15 (Tex.App.-Houston [14th Dist.] 2007, no pet.); *Romo v. State,* No. 04–05–00602–CR, 2006 WL 3496933, at \*\*2, 2006 Tex.App. LEXIS 10403, at \*\*5–6 (Tex.App.-San Antonio Dec. 6, 2006, no pet.) (mem. op.).

Engelbrecht relies on the Court of Criminal Appeals' opinion in *Scott* and argues that in applying it, we should conclude that the change in the DWI enhancement statute is an *ex post facto* law. We disagree. In *Scott,* the Court of Criminal Appeals discussed a repealed statute that, prior to its amendment, expressly provided: "A dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense[.]" *Scott,* 55 S.W.3d. at 595. A later amendment to the statute added a provision that made a completed deferred adjudication count as a conviction for purposes of the aggravated sexual assault punishment, even if the defendant had successfully completed and been discharged from his community supervision. *Id.* at 595–96. The Court of Criminal Appeals concluded that the application of the amended statute to Scott, who had successfully completed deferred adjudication, would result in a violation of the constitutional prohibition against *ex post facto* laws. *Scott,* 55 S.W.3d at 597–98.

In *Sepeda,* the Amarillo Court of Appeals addressed the application of *Scott* to the same DWI statute that is at issue here, and stated that "[t]he *Scott* opinion made it very clear that the prior deferred adjudication statute contained an explicit limitation

on the collateral consequences of deferred adjudication." *Sepeda,* 280 S.W.3d at 401 (citing *Scott,* 55 S.W.3d at 597). We agree with the reasoning in *Sepeda,* that the Court of Criminal Appeals' conclusion in *Scott* is based on the presence of statutory language, in the statute the Court reviewed, which expressly provided for the consequences of a dismissal; the same or similar language is not present in the prior versions of the statutes we consider here. *Scott,* 55 S.W.3d at 597.

Like *Sepeda,* and the other opinions of our sister courts addressing this issue, we conclude that *Scott* is distinguishable. *See Sepeda,* 280 S.W.3d at 402; *Crocker,* 260 S.W.3d at 591–92; *Saucedo,* 2007 WL 1573948, at \*\*2–3, 2007 Tex.App. LEXIS 4292, at \*\*7–9; *Pieper,* 231 S.W.3d at 14–15; *Romo,* 2006 WL 3496933, at \*\*1–2, 2006 Tex.App. LEXIS 10403, at \*\*2–6. At the time of Engelbrecht's prior convictions, "the statute simply had a provision that the window for use of prior convictions was 10 years without the type of express limitation found by the Court of Criminal Appeals to be crucial." *Sepeda,* 280 S.W.3d at 402; *see also Scott,* 55 S.W.3d at 596–97. The former ten-year limitation on the use of prior DWI convictions "was not an explicit guarantee that those convictions could not be used in the future, but only a restriction on what prior convictions could be used to enhance an offense at that time." *Pieper,* 231 S.W.3d at 15.

We conclude that the 2005 change to the DWI enhancement provisions did not violate the prohibition on *ex post facto* laws found in the United States Constitution. *See McDonald,* 180 U.S. at 312, 21 S.Ct. 389; *Scott,* 55 S.W.3d at 597. Consequently, we overrule Engelbrecht's first issue.

### Texas's Retroactive Law Clause

■ In his second issue, Engelbrecht argues that the 2005 amendments, permit-

ting the use of his prior DWI convictions, violate the "retroactive clause" of the Texas Constitution. *See* Tex. Const. art. I, § 16 ("No ... retroactive law ... shall be made."). Referring to the "Interpretive Commentary" of article I, section 16, of the Texas Constitution, Engelbrecht contends that the "Texas 'retroactive law' prohibition is broader than that contained in the *ex post facto* clauses of the United States and Texas Constitutions" and thus, should be used to "strike down the 2005 DWI amendments[.]"[2]  *See* Tex. Const. art. I, § 16 interp. commentary (Vernon 2007).

Engelbrecht contends that the violation of the Texas Constitutional prohibition on retroactive laws does not "have to rise to the level of a 'vested right[.]'" We disagree, as the Court of Criminal Appeals has explained: "The retroactive laws provision of the Texas Constitution operates only to prohibit the application of statutes which disturb vested, substantial rights." *Ibarra v. State,* 11 S.W.3d 189, 192 (Tex. Crim.App.1999).

At the time of Engelbrecht's 2007 offense, the DWI enhancement statute had already been amended to allow any prior DWI conviction to be considered for enhancement purposes. Before committing the 2007 DWI, Engelbrecht was on notice of the potential consequence that another DWI conviction would authorize the State to use all of his prior DWIs to statutorily enhance the punishment range of his potential sentence. The State has a legitimate interest in creating a statutory punishment scheme that has the effect of increasing penalties for recidivists. *See generally Rummel v. Estelle,* 445

U.S. 263, 276, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (noting the interest of Texas in enacting recidivist statutes generally includes "dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society as established by its criminal law"); *Spencer v. Texas,* 385 U.S. 554, 556, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967) (noting the effect of Texas's habitual-criminal statutes "to enhance the punishment of those found guilty of crime who are also shown to have been convicted of other crimes in the past"). In our opinion, Engelbrecht's interest in the State's continuation of its prior enhancement scheme is not a vested substantial right. His punishment is based on the statutory punishment in effect at the time he committed the offense; he has no right to be punished based on the provisions contained in prior repealed statutes. Thus, even if the retroactive laws prohibition applies to criminal cases, a matter we do not decide, we would hold that Engelbrecht had no substantial vested right in the State's continuation of its prior enhancement scheme. Therefore, to the extent that the retroactive law prohibition of the Texas Constitution may apply to criminal cases, we conclude that the 2005 amendments to the DWI enhancement statute did not violate that prohibition. We overrule Engelbrecht's second issue.

### Ineffective Assistance of Counsel

In Engelbrecht's third issue, he asserts that he received the ineffective assistance of counsel because his trial counsel failed to "object or attack the constitutionality of the [2005] amendments" in the trial court.

2. Whether the retroactive law prohibition extends to criminal cases has not yet been determined by the Court of Criminal Appeals. *See Grimes v. State,* 807 S.W.2d 582, 586 (Tex. Crim.App.1991) (en banc). Like the approach taken by the Court of Criminal Appeals, our discussion of the issue assumes but does not decide that the prohibition applies to criminal cases. *See id.* at 587–88.

Appellate courts review claims of ineffective assistance of counsel under the standards set out in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id.; Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App.2002). Because we conclude that Engelbrecht's constitutional rights were not violated based on the issues he raised in his appeal, we find that he was not prejudiced by the alleged ineffective assistance of his trial attorney who did not raise these arguments in the trial court. Accordingly, we overrule Engelbrecht's third issue and affirm the trial court's judgment.

AFFIRMED.