**Opinion issued October 30, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00103-CR

_____

**O.D. VAN DUREN, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 1307615**

---

**MEMORANDUM OPINION**

A jury found O.D. Van Duren, Jr. guilty of felony driving while intoxicated (DWI). *See* TEX. PENAL CODE ANN § 49.04 (West Supp. 2014). The jury further found true that Van Duren had two prior felony convictions, which increased the

sentencing range to a minimum of twenty-five years and a maximum of ninety-nine years. *See id.* § 49.09. It assessed a sentence of thirty years' imprisonment.

Van Duren, proceeding pro se on appeal, raises twenty issues. Among other things, he contends that the trial court erred in refusing to quash the indictment and that the evidence is legally insufficient to support his conviction. Van Duren further contends that he was deprived of his constitutional rights to proceed without counsel, to effective assistance of counsel, and to a speedy trial. He also complains of his detention without bond, of irregularities in the evidence and in the preparation of the record, of improprieties allegedly committed by the State and the trial judge, and of the propriety of the jury charge.

We hold that the trial court did not violate Van Duren's constitutional rights in proceeding to trial on the indictment, in handling the requests relating to appointment and removal of counsel, in requiring the State to provide access to exculpatory evidence, or in entering judgment on the sentence assessed by the jury. We also hold that legally sufficient evidence supports the jury's findings. We further hold that Van Duren waived his right to speedy trial and did not preserve his complaints relating to his detention and the propriety of the jury charge. We likewise find no support in the record that would permit our review of Van Duren's remaining claims. We therefore affirm.

2

## Background

Late one night in December 2010, Van Duren was involved in an automobile accident in northwest Houston. Officer D. Nuñez, a nineteen-year veteran of the Houston Police Department, was dispatched to investigate. He testified that Van Duren's speech was slurred, and he had an odor of alcohol on his breath. Officer Nuñez called HPD's DWI task force for assistance in the investigation.

Officer R. Montelongo, a certified drug recognition expert, responded to Officer Nuñez's request. Officer Montelongo observed that Van Duren had bloodshot eyes, smelled of alcohol, and had slurred speech. Officer Montelongo had Van Duren perform three field sobriety tests: the horizontal gaze nystagmus (HGN) test, the one–leg stand test, and the walk–and–turn test. Van Duren's performance on these tests indicated intoxication. Officer Montelongo asked Van Duren if he had been drinking, and Van Duren admitted he had consumed two beers close to 9:00 P.M. Officer Montelongo determined that Van Duren was intoxicated and arrested him. Because Van Duren had two prior DWI convictions, HPD obtained a mandatory specimen of Van Duren's blood. A sample of Van Duren's blood drawn at 2:35 A.M. registered a blood–alcohol content level (BAC) of 0.15, above the legal limit of .08. *See* PENAL CODE §§ 49.01(2)(B), 49.04. Further investigation led to Van Duren's indictment on charges of felony DWI.

The trial court appointed counsel for Van Duren. Despite the appointment, Van Duren filed pro se motions for independent forensic analysis and for discovery and inspection of evidence. The trial court denied those pro se motions, but it granted defense counsel's motion to inspect, examine, and test physical evidence. The trial court issued discovery orders requiring the State

- to prepare and file a subpoena list of all witnesses it intended to call;
- to identify all written or recorded statements of defendant including confessions or statements, and offense reports containing verbatim accounts of such statements; and
- to allow defense counsel to inspect all items seized from defendant and all physical objects to be introduced as part of the State's case, including documents, photographs, and investigative charts or diagrams to be introduced at trial, records of conviction that may be used for impeachment, physical evidence, evidence of extraneous offenses that may be admissible against the defendant, governmental records, *Brady* evidence, and videos and tape recordings that contain defendant and/or his voice.

In February 2012, the trial court granted defense counsel's motion to withdraw from representation and appointed new counsel for Van Duren. Several months later, Van Duren moved to dismiss that appointed counsel, and counsel filed a motion to withdraw from representation. The trial court denied the motion

4

to withdraw. After receiving notice that Van Duren filed a complaint against him with the State Bar of Texas, counsel renewed his motion to withdraw, and the trial court denied it again.

The day before trial began in January 2013, Van Duren filed a pro se waiver of counsel, seeking to dismiss appointed trial counsel and asking to proceed pro se. At the same time, Van Duren filed another pro se motion to dismiss appointed trial counsel, which asked the trial court to appoint new counsel to act on his behalf. Defense counsel asked the trial court about ruling on Van Duren's pro se motions. The court responded, "He is not entitled to any motions." Counsel continued to represent Van Duren during the trial.

## Discussion

### I. Motions to dismiss indictment

Van Duren complains that the trial court erred in denying his pro se motions to quash the indictment and its enhancement counts elevating the charge to a felony based on his two prior DWI convictions. According to Van Duren, the State could not rely on his 1985 DWI conviction to enhance his sentence because it occurred more than ten years ago. We disagree.

Before enactment of the current statute, prior DWI convictions could not be used for enhancement purposes if the conviction had not occurred within the preceding ten years. *See* Act of June 19, 1993, 73rd Leg., R.S.,

ch. 900, § 1.01, 1993, 2003 Tex. Gen. Laws 4140, 4140,. The current statute, however, eliminates the ten-year limitation. Act of June 18, 2005, 79th Leg., R.S., ch. 996, §§ 1, 3, 2005 Tex. Gen. Laws 3365, 3366 (amending prior statute and repealing Texas Penal Code section 49.09(e)).

Section 49.09 of the Texas Penal Code, which was in effect at the time of Van Duren's arrest for felony DWI, provides for enhancement of a DWI to a third-degree felony if the person has previously been convicted two times "of any other offense relating to the operating of a motor vehicle while intoxicated." TEX. PENAL CODE ANN. § 49.09(b)(2). For the purposes of section 49.09, "offense relating to the operating of a motor vehicle while intoxicated" means:

(A)  an offense under Section 49.04 or 49.045;

(B)  an offense under Section 49.07 or 49.08, if the vehicle operated was a motor vehicle;

(C)  an offense under Article 6701l-1, Revised Statutes, as that law existed before September 1, 1994;

(D)  an offense under Article 6701l-2, Revised Statutes, as that law existed before January 1, 1984;

(E)  an offense under Section 19.05(a)(2), as that law existed before September 1, 1994, if the vehicle operated was a motor vehicle; or

(F)  an offense under the laws of another state that prohibit the operation of a motor vehicle while intoxicated.

TEX. PENAL CODE ANN. § 49.09(c). This definition applies to Van Duren's 1985 misdemeanor DWI conviction.

6

Van Duren complains that, because the former statute did not permit the use of his 1985 conviction to elevate his DWI charge to a felony, the application of the current statute to the 1985 conviction amounts to an unconstitutional ex post facto law by increasing the punishment for that prior criminal act beyond what the law permitted at the time of its commission. Both the United States and Texas Constitutions prohibit the State from applying ex post facto laws. U.S. CONST. art. I, § 10, cl. 1; TEX. CONST. art. I, § 16; *Grimes v. State*, 807 S.W.2d 582, 586 (Tex. Crim. App. 1991). The ex post facto clauses prohibit four types of laws: (1) laws that make an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action; (2) laws that aggravate a crime, or make it greater than it was, when committed; (3) laws that change the punishment and inflict a greater punishment than the law assigned to the crime when it was committed; and (4) laws that alter the legal rules of evidence to receive less or different testimony than the law required at the time of the commission of the offense in order to convict the offender. *Carmell v. Texas*, 529 U.S. 513, 522, 120 S. Ct. 1620, 1627 (2000).

We agree with the majority of Texas courts of appeals that have addressed the issue and concluded that the 2005 amendment to section 49.09 is not an ex post facto law. Those courts have held that the former ten–year limitation on the use of DWI convictions "was not an explicit guarantee that those convictions could not be

7

used in the future, but only a restriction on what prior convictions could be used to enhance an offense at that time." *State v. Pieper*, 231 S.W.3d 9, 15 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *accord Calhoun v. State*, 10-09-00064-CR, 2011 WL 1901981, at *2 (Tex. App.—Waco May 11, 2011) (mem. op., not designated for publication); *Engelbrecht v. State*, 294 S.W.3d 864, 867 (Tex. App.—Beaumont 2009, no pet.); *see also Sepeda v. State*, 280 S.W.3d 398, 402 (Tex. App.—Amarillo 2008, pet. ref'd); *Crocker v. State*, 260 S.W.3d 589, 592 (Tex. App.—Tyler 2008, no pet.); *Saucedo v. State*, No. 03-06-00305-CR, 2007 WL 1773948, at *4 (Tex. App.—Austin May 30, 2007, no pet.) (mem. op., not designated for publication); *Romo v. State*, No. 04-05-00602-CR, 2006 WL 3496933, at *2 (Tex. App.—San Antonio Dec. 6, 2006, no pet.) (mem. op., not designated for publication). As a result, the trial did not err in refusing to quash the indictment charging Van Duren with felony DWI.

## II. Right to proceed pro se

Van Duren contends the trial court erred in declining to allow him to proceed without counsel and in refusing to rule on multiple pro se motions. The Sixth Amendment of the United States Constitution guarantees both the right to counsel and the corresponding right to self-representation. *See* U.S. CONST. amend. VI; *Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525, 2533 (1975); *Hathorn v. State*, 848 S.W.2d 101, 122–23 (Tex. Crim. App. 1992); *see also*

8

*Hatten v. State*, 71 S.W.3d 332, 334 (Tex. Crim. App. 2002) (noting that *Faretta* rights are triggered when accused contests guilt); TEX. CODE CRIM. PROC. ANN. art. 1.05 (West 2005) (recognizing right of accused to be heard by himself, through counsel, or both). A defendant must make a decision to waive counsel competently, voluntarily, knowingly and intelligently. *Godinez v. Moran*, 509 U.S. 389, 400, 113 S. Ct. 2680, 2687 (1993); *Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541. "[A]n accused's right to proceed pro se does not attach until he clearly and unequivocally asserts it." *Hathorn*, 848 S.W.2d at 123.

We review the factual issue of whether a defendant has clearly and unequivocally invoked the right to self-representation for an abuse of discretion. *See DeGroot v. State*, 24 S.W.3d 456, 457–58 (Tex. App.—Corpus Christi 2000, no pet.). We view the evidence in the light most favorable to the trial court's ruling, and we will imply any findings of fact supported by the record and necessary to affirm the trial court's ruling when, as here, the trial court did not make explicit findings. *See Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010). The trial court appointed counsel to represent Van Duren at the beginning of the proceeding. It granted his first appointed counsel's motion to withdraw from representation and appointed new counsel, who defended Van Duren through trial.

Relying on *United States v. Fazzini*, 871 F.2d 635 (7th Cir. 1989), Van Duren contends that his persistent attempts to dismiss appointed counsel and failure to cooperate with appointed counsel amounted to a waiver of his right to counsel. In that case, the defendant went to trial without counsel after four court-appointed attorneys had either been dismissed by him or excused by the court. *Fazzini*, 871 F.2d. at 641. When the defendant told the court he was discharging the fourth attorney, the trial court informed the defendant that no new counsel would be appointed and expressly found that he knowingly and voluntarily waived his right to counsel. *Id.* at 642; *see also United States v. Moore*, 706 F.2d 538, 540 (5th Cir. 1983).

Texas courts follow the same rule that the Seventh Circuit applied in *Fazzini*. "When a trial court denies a defendant's 'eleventh hour' request for new counsel, and 'the accused unequivocally assert[s] his right to self-representation under *Faretta*, persisting in that assertion after proper admonishment, the court must allow the accused to represent himself.'" *Alford v. State*, 367 S.W.3d 855, 862 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (quoting *Burgess v. State*, 816 S.W.2d 424, 428–29 (Tex. Crim. App. 1991)).

After invoking the *Faretta* right, however, a defendant may make a "conscious, deliberate and voluntary choice to waive [this] known right." *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986) (citing

10

*McKaskle v. Wiggins*, 465 U.S. 168, 182, 104 S. Ct. 944, 953 (1984)); *Alford*, 367 S.W.3d at 862; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.14. The record must adequately reflect that a defendant waived his right to self-representation after asserting it, but proof of waiver of self-representation is not subject to as stringent a standard as proof of waiver of the right to counsel. *Funderburg*, 717 S.W.2d at 642 (citing *Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982)). A record sufficiently demonstrates that a defendant waived his right to proceed pro se if it reasonably appears to the court that the defendant abandoned his initial request to represent himself. *Id.*

Here, Van Duren filed several pro se motions on the eve of trial, including a *Brady* motion, a motion to dismiss for failure to provide a speedy trial, a motion to waive counsel and proceed without legal representation, and a motion to dismiss trial counsel and replace him with a third appointment. Because a defendant is not entitled to hybrid representation, a trial court may disregard pro se motions presented by a defendant represented by counsel, unless counsel chooses to adopt them. *See Robinson v. State*, 240 S.W.3d 919, 921–22 (Tex. Crim. App. 2007). Neither Van Duren nor his trial counsel apprised the trial court that two of these pro se motions related to Van Duren's right to counsel. As a result, the trial court did not conduct the required *Faretta* hearing. Its failure to do so is not error if the

11

record demonstrates that Van Duren later abandoned his request to proceed pro se. *See Funderburg*, 717 S.W.2d at 642.

It is apparent from the record that he did.  Immediately before trial, defense counsel informed the court that he had asked Van Duren whether he wanted to testify that and Van Duren did not answer.  The following exchange occurred:

| | |
|---|---|
| VAN DUREN: | Can I make a statement? |
| THE COURT: | Yes. |
| VAN DUREN: | Your Honor, I really feel like I should testify, but given the set of circumstances and the way I feel like the jury integrity has been tainted by the prosecution presentation on the jury pool, I don't think it would be to my best advantage at this time. I've tried to get [defense counsel] to ask the questions that I needed to get asked, but that doesn't seem to be working. **So I will just go with what's going on.**  I will say I am unsatisfied. |
| THE COURT: | Is it a yes or no? Do you want to testify or not? |
| VAN DUREN: | No. |
| THE COURT: | All right. |

(Emphasis added.)

The record shows that Van Duren affirmatively had abandoned any request to proceed pro se.  *See id.*

12

To the extent Van Duren's complaint encompasses the trial court's refusal to appoint new counsel for him, it also is unavailing. "Appointment of new counsel is a matter solely within the discretion of the trial court," and the "trial court is under no duty to search for a counsel until an attorney is found who is agreeable to the accused." *Solis v. State*, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990); *see King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). A defendant does not have the right to choose appointed counsel and, unless he waives his right to counsel and chooses to represent himself or adequately explains the need for appointment of new counsel, he must accept court-appointed counsel. *Burks v. State*, 792 S.W.2d 835, 838 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). Accordingly, we hold that the trial court did not err in requiring Van Duren to proceed with appointed counsel.

## III.  Waiver

A number of Van Duren's complaints are unreviewable on appeal. These complaints involve: (1) the denial of bond; (2) Van Duren's request for pretrial habeas corpus relief; (3) various allegations of prosecutorial and judicial misconduct; (4) toxicology and other reports not included in the record and the lack of chain-of-custody evidence in connection with the blood samples; (5) the admission of evidence, the right to confront witnesses, and Van Duren's exclusion from the courtroom; (6) the jury instructions during guilt-innocence phase of trial;

and (7) the jury instructions submitted in connection with the punishment phase of trial. The record does not show that Van Duren made a timely request, objection, or motion relating to any of these issues "stat[ing] the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1 (a)(1)(A). "Failure to object in a timely and specific manner during trial will waive error." *Boyington v. State,* 787 S.W.2d 469, 470–71 (Tex. App.—Houston [14th Dist.] 1990, pet ref'd). The record likewise fails to show, with respect to any of these issues, that the trial court either "ruled on the request, objection, or motion, either expressly or implicitly" or "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." TEX. R. APP. P. 33.1(a)(2)(A), (B). For example, the record does not suggest that Van Duren was excluded from the courtroom during the proceedings. Van Duren also waived his right to speedy trial because, through counsel, he agreed to several continuances of the trial date. *See Petrick v. State*, 832 S.W.2d 767, 772 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd.).

## IV. Evidentiary Sufficiency

Van Duren challenges the legal sufficiency of the evidence. In reviewing whether evidence is legally sufficient, we apply the standard enunciated in *Jackson v. Virginia.* 443 U.S. 307, 318–20, 99 S. Ct. 2781, 2788–89 (1979); *see Ervin v.*

14

*State*, 331 S.W.3d 49, 52–56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 894–913 (Tex. Crim. App. 2010)). Under the *Jackson* standard, evidence is insufficient to support conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See* 443 U.S. at 317–19, 99 S. Ct. at 2788–89; *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

The sufficiency-of-the-evidence standard gives full play to the responsibility of the factfinder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. In determining the sufficiency of the evidence, a reviewing court examines "whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)). Sufficiency can come from the testimony of a single witness or it can be sufficient from circumstantial

evidence. *See Johnson v. State*, 176 S.W.3d 74, 77–78 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *Hooper*, 214 S.W.3d at 13.

According to the officer who was dispatched to the accident, Van Duren's speech was slurred and had an odor of alcohol on his breath. Van Duren admitted to having consumed beer, and his performance on sobriety tests demonstrated signs of intoxication. The toxicology report showed that Van Duren had a blood-alcohol content of 0.15, above the legal limit. On this evidence, a jury rationally could have found that Van Duren was driving under the influence and found that he was guilty of driving while intoxicated. We therefore hold the evidence was legally sufficient to support the conviction.

## V. Ineffective Assistance of Counsel

Van Duren contends that his trial counsel failed to provide effective assistance based on actions taken in some matters and failure to act on others during the trial. The standard of review for claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69 (1984), and *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To prevail, Van Duren must first show that his counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Bone*, 77 S.W.3d at 833. Specifically, Van Duren "must prove, by a preponderance of the evidence that his counsel's representation fell below the objective standard of professional norms."

16

*Bone*, 77 S.W.3d at 833. Second, Van Duren "must show that this deficient performance prejudiced his defense," meaning that Van Duren "must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)). A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.* Thus, the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 104 S. Ct. at 2064.

There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action might be considered sound trial strategy. *Id.* 668, 104 S. Ct. at 2065. To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

"Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *see Mata v. State*, 226 S.W.3d, 425, 430 (Tex.

Crim. App. 2007) (explaining that absence of clear record usually prevents appellant from satisfying *Strickland*'s first prong); *Bone*, 77 S.W.3d at 833. When the record is silent as to trial counsel's strategy, we will not conclude that defense counsel's assistance was ineffective unless the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed*, 187 S.W.3d at 392 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). Judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984).

Van Duren complains that trial counsel did not adopt his pro se motions, did not object to the refusal of the trial court to rule on these motions, did not call Van Duren to testify in his own defense, did not procure evidence relating to the blood chemistry analysis and the blood sample chain-of-custody issues, and did not call any witnesses. The record refutes Van Duren's assertion that he was deprived of an opportunity to testify in his own defense. The trial court asked Van Duren directly if he would like to testify, and Van Duren refused. With respect to the remaining complaints of ineffective assistance of counsel, a lack of affirmative evidence in the record prevents us from determining whether trial counsel's conduct fell below reasonably professional standards. We may not speculate as to counsel's reasons for his conduct when the record is silent. *Stults v. State,* 23 S.W.3d 198, 208 (Tex.

18

App.—Houston [14th Dist.] 2000, pet. ref'd). In addition, Van Duren has not carried his burden to show that, but for counsel's alleged errors, the outcome of the trial would have been different. *Bone*, 77 S.W.3d at 833.

Van Duren also complains of his counsel's failure to request *Brady* material. The record does not support this complaint. Counsel moved the State to provide any potentially exculpatory material, and the trial court affirmatively ordered the State to produce *Brady* material. The State filed a written response to the request stating that no such material existed.

The record fails to defeat the presumption that trial counsel's actions were reasonably professional and motivated by sound trial strategy. Van Duren also fails to show how the trial strategy affected the outcome of the trial. Accordingly, we hold that Van Duren has not satisfied his burden to show that he entitled to reversal under *Strickland.*

## Conclusion

We hold the trial court did not err in refusing to dismiss the indictment and in requiring Van Duren to proceed with appointed counsel. We also hold that legally sufficient evidence supports the jury's finding that Van Duren committed felony DWI. We further hold that Van Duren failed to preserve for review his evidentiary complaints, his claims of jury charge error, and his allegations of prosecutorial and judicial misconduct. Finally, we hold that Van Duren did not

19

meet his burden to show that he received ineffective assistance of counsel. We therefore affirm the judgment of the trial court. All pending motions are dismissed as moot.

Jane Bland
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).