**Opinion filed January 14, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00036-CR
_____

## JOE ANTONIO LUNA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-17-0971-CR**

## M E M O R A N D U M   O P I N I O N

The jury convicted Joe Antonio Luna of the offense of felony driving while intoxicated as enhanced by two prior misdemeanor DWI convictions: one from 1980 and the other from 1989. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2). The State alleged two prior felony convictions for enhancement purposes. Appellant pleaded "true" to the prior felony convictions, and the jury found both to be "true." The jury assessed Appellant's punishment at confinement in the Institutional

Division of the Texas Department of Criminal Justice for a term of forty-five years. We affirm.

Appellant brings two issues on appeal. In his first issue, Appellant presents an ex post facto challenge to the enhancement provision of Texas's DWI statute. In his second issue, Appellant challenges the sufficiency of the evidence supporting his conviction.

In his first issue, Appellant contends that the enhancement provision of Texas's DWI statute violates the state and federal constitutional prohibitions against ex post facto laws. An ex post facto claim may be raised for the first time on appeal because a categorical prohibition from the Constitution may not be waived. *Ieppert v. State*, 908 S.W.2d 217, 220 (Tex. Crim. App. 1995).

Earlier versions of the DWI statute provided that a prior conviction for DWI could not be used for enhancement if the conviction was more than ten years old. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3698; *see also* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2734, 2743. In 2005, the legislature eliminated the ten-year requirement, effective September 1, 2005. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364; *see also* PENAL § 49.09 (West Supp. 2020); *Pope v. State*, No. 11-08-00105-CR, 2009 WL 4172905, at *1 (Tex. App.—Eastland Nov. 19, 2009, no pet.).

Both the United States and the Texas constitutions prohibit the application of any ex post facto law, and the same standard is applied under both provisions. U.S. CONST. art. I, § 10, cl. 1; TEX. CONST. art. I, § 16; *Grimes v. State*, 807 S.W.2d 582, 586 (Tex. Crim. App. 1991). The ex post facto clauses found in both constitutions prohibit four types of laws. They prohibit (1) laws that make an action done before the passing of the law, and which was innocent when done, criminal and punishable; (2) every law that aggravates a crime or makes it greater than it was when committed;

(3) every law that changes the punishment and inflicts a greater punishment than the law annexed to the crime when it was committed; and (4) every law that alters the legal rules of evidence and requires less, or different, testimony than the law required to convict the offender at the time of the commission of the offense. *Carmell v. Texas*, 529 U.S. 513, 521 (2000) (citing *Calder v. Bull*, 3 U.S. 386, 390 (1798)). An ex post facto analysis focuses on whether the statute assigns more severe criminal or penal consequences to an act than did the law in place when the act occurred; it is irrelevant whether the statutory change touches any vested rights. *Grimes*, 807 S.W.2d at 587 (citing *Weaver v. Graham*, 450 U.S. 24, 29 n.13 (1981)).

Both the United States Supreme Court and the Texas Court of Criminal Appeals have analyzed the constitutionality of using prior convictions to enhance punishment. *See McDonald v. Massachusetts*, 180 U.S. 311, 312–13 (1901); *Scott v. State*, 55 S.W.3d 593, 597 (Tex. Crim. App. 2001). In *McDonald*, the Supreme Court held that the enhancement statutes at issue in that case penalized the new criminal offense; therefore, the statutes did not constitute retroactive punishment for a former offense. *McDonald*, 180 U.S. at 312–13. In *Scott*, the Court of Criminal Appeals, quoting *McDonald*, explained: "The punishment is for the new crime only, but is the heavier if he is an habitual criminal. . . . The statute, imposing a punishment on none but future crimes, is not *ex post facto*." *Scott*, 55 S.W.3d at 597 (alteration in original) (quoting *McDonald*, 180 U.S. at 313–14).

Appellant acknowledges that several of our sister courts of appeals have previously addressed the ex post facto issue that he presents in this appeal. Each of these courts has held that using prior DWI convictions to enhance a DWI, even though the prior DWI convictions occurred when the statute had a ten-year remoteness provision, does not violate the prohibitions against ex post facto laws. *See Conelly v. State*, 451 S.W.3d 471, 477–78 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also Duren v. State*, No. 01-13-00103-CR, 2014 WL 5500482, at

*3–4 (Tex. App.—Houston [1st Dist.] Oct. 30, 2014, pet. ref'd) (mem. op., not designated for publication); *Calhoun v. State*, No. 10-09-00064-CR, 2011 WL 1901981, at *2 (Tex. App.—Waco May 11, 2011, no pet.) (mem. op., not designated for publication); *Cohen v. State*, No. 10-08-00385-CR, 2010 WL 199887, at *2 n.2 (Tex. App.—Waco Jan. 20, 2010, no pet.) (mem. op., not designated for publication); *Engelbrecht v. State*, 294 S.W.3d 864, 868 (Tex. App.—Beaumont 2009, no pet.); *Sepeda v. State*, 280 S.W.3d 398, 402 (Tex. App.—Amarillo 2008, pet. ref'd); *Crocker v. State*, 260 S.W.3d 589, 592 (Tex. App.—Tyler 2008, no pet.); *Saucedo v. State*, No. 03-06-00305-CR, 2007 WL 1573948, at *3–4 (Tex. App.—Austin May 30, 2007, no pet.) (mem. op., not designated for publication); *State v. Pieper*, 231 S.W.3d 9, 15 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Romo v. State*, No. 04-05-00602-CR, 2006 WL 3496933, at *2 (Tex. App.—San Antonio Dec. 6, 2006, no pet.) (mem. op., not designated for publication).

Appellant acknowledges that the arguments he advances in this appeal have been considered and rejected by the other courts. Because this court has never been called upon to consider the question, however, Appellant asks us to examine the issue. He invites us to come to a different conclusion: that the change in the habitual offender provision in the DWI statute operates as an ex post facto law. We decline Appellant's invitation.

Appellant asserts that the temporal restriction present in older versions of the DWI statute that limited the availability of prior convictions for enhancement purposes constituted an explicit statutory restriction on their future use to enhance later intoxication offenses. Thus, according to Appellant, the 2005 statute's removal of that time limitation results in an unconstitutional attempt to use an ex post facto law because it increases the punishment for those prior criminal acts beyond what the law permitted at the time of their commission. In support of this argument, Appellant cites the Texas Court of Criminal Appeals' opinion in *Scott*. 55 S.W.3d

4

at 597–98.  Appellant acknowledges that these same arguments based on *Scott* have been considered and rejected by other courts of appeals.

In *Scott*, the defendant received deferred adjudication in 1991 for a charge of indecency with a child.  *Id.* at 594–95.  At that time, the deferred adjudication statute provided in part: "A dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense . . . ."  *Id.* at 595 (quoting TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(c) as it was in effect in 1991).  The defendant was later charged with aggravated sexual assault and, by that time, the deferred adjudication statute had been amended to allow deferred adjudication for certain sexual offenses, including indecency with a child, to be used as a conviction for the purpose of enhancing a later sexual offense.  *Id.* at 595–96.

The court first noted that "[t]he resolution of criminal charges will always carry the possibility of collateral consequences, and as long as those consequences are not statutorily restricted, disabilities and disqualifications which the defendant might not have anticipated may proceed from the prior cause."  *Id.* at 597.  However, the court went on to hold that the change in the deferred adjudication statute was an ex post facto law because the prior deferred adjudication statute contained an express restriction on the collateral consequences for the offense and therefore, when that restriction was removed, the defendant's punishment for his prior offense was increased.  *Id.* at 597–98.

Each of our sister courts of appeals that have ruled on this issue have distinguished *Scott* because the opinion clearly stated that the prior deferred adjudication statute contained an "express and complete restriction on the collateral consequences of the offense and therefore, when that restriction was removed, defendant's punishment for his prior offense was increased."  *Pieper*, 231 S.W.3d at 15 (citing *Scott*, 55 S.W.3d at 597–98); *see, e.g.*, *Sepeda*, 280 S.W.3d at 401.  The

Court of Criminal Appeals' conclusion in *Scott* is based on the presence of statutory language that expressly provided for the future consequences of a deferred adjudication dismissal. *See Scott*, 55 S.W.3d at 597. The same or similar language is not present in the prior versions of the statutes we consider here.[1] *See, e.g.*, *Engelbrecht*, 294 S.W.3d at 868.

Appellant contends that each of the prior appellate decisions regarding this issue was wrongly decided because there is nothing textually distinguishable between the statute examined in *Scott* and the DWI statute. The statute examined in *Scott* provided that the prior dismissal or discharge "may not be deemed a conviction." *Scott*, 55 S.W.3d at 595. Appellant points out that the old DWI enhancement provision used similar language: a DWI conviction "may not be used" if it occurred more than ten years before. *See* former Section 49.09(e); *Getts v. State*, 155 S.W.3d 153, 155 (Tex. Crim. App. 2005) (quoting the former version of the statute). According to Appellant, if the court in *Scott* found that the deferred adjudication statute—using that limiting language—was an ex post facto law when it was amended to remove the limitation, then the only proper reading of the DWI enhancement provision is that it is also an ex post facto law because it used the same limiting language and also was amended to remove the limitation. We disagree.

We find that *Scott* is distinguishable. In doing so, we agree with our sister courts that have examined the issue. *See Engelbrecht*, 294 S.W.3d at 868; *Sepeda*,

---

[1] We note that there was no remoteness provision in the statute applicable to Appellant's 1980 DWI. The applicable statute at the time was Article 6701*l*–2, entitled "Subsequent offense of driving while intoxicated." *See* Act of May 28, 1979, 66th Leg. R.S., ch. 682, § 3, 1979 Tex. Gen. Laws 1608, 1609, *repealed by* Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574–77. Article 6701*l*–2 provided, in relevant part:

> Any person who has been convicted of the misdemeanor offense of [DWI] . . . shall for each and every subsequent such violation be guilty of a felony . . . .

*Id.* There was no additional language indicating a remoteness limitation in the statute as it existed in 1980. *See id.* Even if there had been such a limitation, our analysis would remain unchanged.

280 S.W.3d at 402; *Crocker*, 260 S.W.3d at 591–92; *Pieper*, 231 S.W.3d at 14–15; *see also Saucedo*, 2007 WL 1573948, at *2–3. The statute at issue in *Scott* addressed the future collateral consequences of deferred adjudication. Unlike the statute at issue in *Scott*, the former ten-year limitation in the DWI enhancement provision "was not an explicit guarantee that those convictions could not be used in the future, but only a restriction on what prior convictions could be used to enhance [a subsequent offense]." *Pieper*, 231 S.W.3d at 15. "Therefore, the 2005 changes to the DWI enhancement statute, by removing all time limitations on the use of prior DWI convictions to enhance current DWI charges, did not increase appellee's punishment for his prior convictions and is therefore not an *ex post facto* law." *Id.*; *see Engelbrecht*, 294 S.W.3d at 868 (quoting *Pieper*, 231 S.W.3d at 15). We agree.

This is a question that we touched upon in *Pope*. 2009 WL 4172905, at *1. While we did not address an ex post facto claim in *Pope*, we interpreted the effect of the 2005 amendment on a DWI committed after the effective date of the amendment with respect to the use of prior DWIs committed before the 2005 amendment. *Id.*

The defendant in *Pope* asserted that the pre-2005 version of Section 49.09 applied to determine the effect of his prior convictions, which were more than ten years old, because they occurred prior to the amendment that repealed the remoteness provision. *Id.* We rejected the defendant's argument on the basis that, "[a]lthough the prior DWI convictions are elements of a felony DWI offense, the dates of the prior DWI convictions are not." *Id.* "Because the offense for which appellant was being tried was committed after the effective date of the repeal of former Section 49.09(e) and because the dates of the prior DWI convictions are not

elements of the current felony DWI offense, the prior DWI convictions were properly used to enhance appellant's present DWI offense to a felony." *Id.*[2]

Appellant contends that the pre-2005 version of Section 49.09 was an "explicit guarantee" that his 1980 and 1989 DWI convictions could not be used for enhancement after ten years had elapsed. But under our holding in *Pope*, there was no reasonable expectation that Appellant's prior DWI convictions that were more than ten years old could not be used in the future. *Id.* The remoteness provision was located in the portion of the statute detailing the prosecution of a subsequent DWI, and until that subsequent offense was committed, which in Appellant's case was 2016, there should not have been an expectation of what prior convictions could be used to enhance Appellant's punishment. *See id.*

We hold that the 2005 amendment to the DWI enhancement provision did not violate the prohibitions against ex post facto laws found in the United States and Texas constitutions. *See McDonald*, 180 U.S. at 312; *Scott*, 55 S.W.3d at 597. We overrule Appellant's first issue.

In his second issue, Appellant challenges the sufficiency of the evidence linking him to the 1980 DWI conviction. We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

---

[2]We noted in *Pope* that the San Antonio Court of Appeals had rejected the same contention in *Tietz v. State*, 256 S.W.3d 377, 380 (Tex. App.—San Antonio 2008, pet. ref'd).

When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

In a felony DWI case, the State must prove that the accused has been previously convicted of two DWIs. *See Ex Parte Benson*, 459 S.W.3d 67, 75 (Tex. Crim. App. 2015); *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007); *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999); *see also* PENAL § 49.09(b)(2). To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction. *Flowers*, 220 S.W.3d at 921. "No specific document or mode of proof is required to prove these two elements." *Id.* "Any type of evidence, documentary or testimonial, might suffice." *Id.* at 922.

In general, "the proof that is adduced to establish that the defendant on trial is one and the same person that is named in an alleged prior criminal conviction or convictions closely resembles a jigsaw puzzle." *Id.* at 923 (quoting *Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988)). "The pieces standing alone usually have little meaning." *Id.* "However, when the pieces are fitted together, they usually form the picture of the person who committed that alleged prior conviction or convictions." *Id.* "Regardless of the type of evidentiary puzzle pieces the State

offers to establish the existence of a prior conviction and its link to a specific defendant, the trier of fact determines if these pieces fit together sufficiently to complete the puzzle." *Id.* If the existence of the conviction and its link to the defendant can be found beyond a reasonable doubt, "then the various pieces used to complete the puzzle are necessarily legally sufficient to prove a prior conviction." *Id.*

In this case, the State used three exhibits to link Appellant to his alleged 1980 DWI conviction. First, the State offered an Ector County Detention Center Prisoner Intake Sheet. The document identifies Appellant's name as Joe Antonio Luna; lists his address as 816 Humble Avenue, Odessa, Texas 79761; and notes his date of birth as February 6, 1959. The document further lists Appellant's eye color as brown, notes his Texas driver's license number as 02953755, identifies his charged offense as "Driving While Intoxicated 3rd or more," and includes Appellant's photograph.

Second, the State offered a certified, redacted copy of Appellant's driving record from the Texas Department of Public Safety. This document identifies Appellant's name as Joe Antonio Luna; lists his address as 816 Humble Avenue, Odessa, Texas 79761; and notes his date of birth as February 6, 1959. This document further lists Appellant's eye color as brown and notes his Texas driver's license number as 02953755. This document references a Dawson County conviction for Driving While Intoxicated on March 31, 1980, under cause number 000001372A.[3]

Finally, the State offered a certified copy of a motion to revoke probation and a report of probation violation filed in cause number 1372A in the County Court of Dawson County, Texas. The defendant in the case is identified as Joe Luna. The report of probation violation indicates that the underlying charge for which probation

---

[3]Appellant asserts that the title of the offense is not listed on the DPS driving record, but this contention is incorrect.

was given was Driving While Intoxicated, and the date of sentencing for the DWI is listed as March 31, 1980.

The biographical information on the jail intake sheet matched that of the DPS driving record. In turn, the DWI conviction information listed on the DPS driving record matched the conviction information contained in the Dawson County court pleadings. We conclude that the trier of fact had sufficient evidence to find beyond a reasonable doubt that Appellant was linked to the 1980 DWI conviction alleged by the State. *See Flowers*, 220 S.W.3d at 923. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


January 14, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
and Wright, S.C.J.[4]

Trotter, J., and Williams, J., not participating.

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.